## The Lucesco Oil Co. *versus* Brewer *et al.*

| 66  | 351 |
| 151 | 539 |
| 66  | 351 |
| 155 | 278 |
| 66  | 351 |
| f193 | 149 |

1. If the part of a contract to be performed by one party consists of several distinct items and the price to be paid by the other is apportioned to each item or is left to be implied by law, ordinarily it is a severable contract.

2. If the consideration is single and entire, the contract is entire, although it may consist of several distinct and independent items.

3. The consideration to be paid, not the thing to be performed determines the class to which the contract belongs.

4. The contract in this case was held to be severable.

November 1st 1870.    Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the Court of Common Pleas of *Allegheny county*: Of October and November Term 1869, No. 123.

This was action of debt, commenced October 28th 1868, by George Brewer and others, trading as Brewer, Burke & Co., to the use of Robert H. Palmer, their assignee, against The Lucesco Oil Company. The claim filed by plaintiffs was for $64,790.26.

On the trial, June 28th 1869, before Stowe, J., the plaintiffs gave in evidence an agreement between them and defendants, dated September 29th 1866, as follows :—

"That the said Brewer, Burke & Co. hereby covenant and agree, to and with the said Lucesco Oil Company, that they will from time to time, as it shall be required, advance to the said company, cash to an amount not exceeding $75,000, for the purchase of crude oil, barrels, materials, and to pay for labor, &c., for the vigorous prosecution of the work of refining crude oil and its products, at the works of the Lucesco Oil Company, at Lucesco. That they will undertake to sell all the refined oil and other products manufactured by the said company, under the direction and subject to the approval of the directors and secretary of the said company, or either of them, and guaranty the payment of all such sales, net proceeds of same to be credited to the company on account ; that they will render a just and true account of all sales as made, closed or completed, and also an account current and interest account, on or about the first day of each and every month thereafter during the continuance of this agreement, and that they shall and will at all times endeavor to procure the best price that can be obtained for oil. * * * In consideration of the advancements to be made under this agreement, and services rendered in making sales and guarantying the same, the Lucesco Oil Company agree to execute and deliver forthwith to said Brewer, Burke & Co. a mortgage on all their real estate situate in Westmoreland county, &c., for $75,000, conditioned to pay whatever sums of money shall have been advanced by said Brewer, Burke & Co., together with six per cent. interest thereon from the date of advances made. * * * And the said company will pay them a commission of two and a half per cent. on all net sales of the pro-

ducts of the works, it being distinctly understood that the commission of two and a half per cent. on net proceeds of sale includes compensation for guarantying and all charges for brokerage on sales, no matter how effected. This agreement is to be in full force until the first day of October 1867, with privilege to the Lucesco Oil Company to continue the arrangement for another year from that date should they elect so to do. * * *

" It is the distinct understanding and intent of this agreement, that the Lucesco Oil Company shall give to Brewer, Burke & Co. the exclusive sale of all the refined oil, and any and all other products manufactured by them during the term of this agreement."

They gave in evidence, bond from defendants to plaintiffs, dated September 29th 1866, in the penalty of $75,000, viz. :—

* * * " Whereas, by agreement bearing even date herewith, made and entered into by and between Messrs. Brewer, Burke & Co. and the Lucesco Oil Company, the parties above named, the said Brewer, Burke & Co. agreed to advance the said Lucesco Oil Company the sum of $75,000, for certain purposes, and accompanied by certain conditions, all of which are more particularly described and set forth in said agreement."

" The condition was that the said Lucesco Oil Company, &c., shall pay, &c., unto the said Brewer, Burke & Co., &c., all such sums of money as shall be due and owing said Brewer, Burke & Co. on final settlement of the accounts between said parties, according to the terms, stipulations and covenants as set forth in the contract aforesaid, whenever the same shall become due and payable according to the terms thereof," &c.

Also the books of defendants, showing balances of advances, under the contract, by plaintiffs; the last being September 30th 1867, for $71,271.90.

The defendants gave evidence of notice of renewal of the contract, dated August 31st 1867; also evidence of irregularity in return of sales by the plaintiffs, and of obtaining money; that the works were stopped in January and September 1867, because the plaintiffs neglected to furnish funds or oil to go on with; that they refused money when asked for it.

The defendants proposed to ask J. O'Hara, one of their directors, who was on the stand—

"Do you know the amount of loss to the company by their running on with the assurance that the tanks would be kept full, when they were not so kept filled by plaintiffs ?"

The plaintiffs objected to the question.

The court rejected it, saying: " As we understand this offer, it is to set off damages arising out of a collateral agreement between the parties."

A bill of exceptions was sealed for defendants.

There was other evidence on both sides.

[Lucesco Oil Co. *v.* Brewer.]

The defendants submitted the following points, all of which were refused :—

1. If the jury believe that the defendants availed themselves of the privilege of renewing the contract for one year from September 29th 1867, and did so notify the plaintiffs, and that the plaintiffs refused to furnish the money under the renewed contract, until the expiration of the time of renewal, then they are not entitled to recover.

2. The reasonable and fair construction of the contract in this case is, that plaintiffs were to keep the defendants continually supplied with an advancement of money to the amount of $75,000, if so required by defendants, to enable them successfully to carry on the business of purchasing and manufacturing oil, and that if defendants so elected, the contract should continue in force for one year from September 29th 1867 ; and if the jury believe that plaintiffs failed to pay the money as required, to furnish accounts of sale as required, and finally refused, on demand made, to continue the arrangement until the expiration of the extended contract, they are not entitled to recover.

3. The contract declared on in this case is entire, and the plaintiffs are bound to show complete performance or dispensation therewith by the party entitled to performance, without doing which they cannot recover.

4. According to the terms of the written contracts set forth in plaintiffs' *narr.*, they are not entitled to recover, because it is an entire contract, the general rule being that an entire contract cannot be apportioned.

5. Time is of essence of the contract, and if the jury believe the amount of money, viz., $75,000, was not furnished from time to time as required under the contract, and that they failed to make returns of sales, as they were bound to do under the contract, they are not entitled to recover.

6. If the jury believe that the defendants depended on the furnishing of the money by plaintiffs for the purchase of crude oil, and if it was necessary for them to be supplied with the amount of money plaintiffs were bound to furnish under the contract to enable them to take advantage of the oil market, and by the neglect or refusal of the plaintiffs so to furnish the amount of money the plaintiffs were to do, the jury are not limited in their finding to any special damage suffered by such refusal, but may find such damages as they see proper, under all the circumstances in evidence before them.

7. If the plaintiffs, from inability or for any other reason, failed to furnish money as required, and abruptly ceased to comply with their part of the contract, then they cannot recover.

8. The covenant to renew the contract being peculiar to one party, to wit, the defendants, and they having given notice

16 P. F. SMITH—23

[Lucesco Oil Co. *v.* Brewer.]

of their determination to continue the contract for a year longer, the plaintiffs were bound to furnish the sum specified, viz., $75,000, for that time, and any failure on their part so to do within the year is a violation of the contract on their part, and they cannot recover.

Judge Stowe said also in his charge :—

" This is not what is known as an entire contract, and therefore plaintiff can recover the balance of the advancements, less whatever damages defendants have sustained by the failure of plaintiffs to comply with their contract, if any." * * *

The verdict was for the plaintiffs for $70,286.63.

The defendants removed the case to the Supreme Court; their assignments of errors were the rejection of their offer of evidence and the answers to the points.

*R. B. Roberts* (with whom was *R. Robb*), for plaintiff in error. —An entire contract is one, the consideration of which is entire on both sides : Story on Contracts 13. One party cannot recover unless he shows performance of his part of an entire contract : Shaw *v.* Turnpike Co., 2 Penna. R. 454; Martin *v.* Schoenberger, 8 W. & S. 367; Hall *v.* Rupley, 10 Barr 231; Danville Bridge Co. *v.* Pomroy, 3 Harris 151 ; Eckel *v.* Murphy, Id. 488; Keeler *v.* Schmertz, 10 Wright 135; Crossgrove *v.* Himmelrich, 4 P. F. Smith 203. Evidence as to damage was pertinent : Fessler *v.* Love, 7 Wright 313.

*T. MacConnell* (with whom was *S. Schoyer, Jr.*), for defendants in error.

The opinion of the court was delivered, January 3d 1871, by

WILLIAMS, J.—The defence set up by the plaintiffs in error, the defendants below, on the trial of this case, was based on the hypothesis that the contract between the parties is entire, and that no recovery could be had thereon, because the plaintiffs below had not in all respects fully performed their part of the agreement. All the points submitted by the defendants—with the exception of the 6th relative to the measure of damages—and the refusal of which by the court is assigned as error, were predicated of an entire contract. If then the contract was severable, and not entire, the court rightly refused to give the instructions prayed for. The criterion for determining whether a contract is entire or separable is thus stated by Mr. Parsons in his work on the Law of Contracts : " If the part to be performed by one party consists of several and distinct items, and the price to be paid by the other is apportioned to each item to be performed, or is left to be implied by law, such a contract will generally be held to be severable. * * * But if the consideration to be paid is

[Lucesco Oil Co. *v.* Brewer.]

single and entire, the contract must be held to be entire, although the subject of the contract may consist of several distinct and wholly independent items:" 2 Pars. Cont. 29–31. This rule of classification is based on a distinction so simple that it may be easily understood and readily applied. It is the consideration to be paid, and not the subject or thing to be performed, that determines the class to which a contract belongs. Its entirety or separableness depends not upon the singleness of its subject, or the multiplicity of the items composing it, but upon the entireness of the consideration, or its express or implied apportionment to the several items constituting its subject. If the consideration is single the contract is entire, whatever the number or variety of the items embraced in its subject; but if the consideration is apportioned, expressly or impliedly, to each of these items, the contract is severable. Judged by this criterion, there is no difficulty in determining to which class the contract in this case belongs. It is manifest from an inspection of its provisions that singleness or entirety of consideration cannot be predicated of it. It consists of several and distinct items, and the consideration to be paid therefor is several, and apportioned to each item; the whole is dependent upon the amount of the advances made, and of the net proceeds of the oil and other products manufactured by the company. The contract therefore was not entire but severable; and the court rightly instructed the jury that the plaintiffs might recover the balance of the advancements, less whatever damages the company had sustained by the failure of the plaintiffs, if any, to comply with their contract. Nor was there any error in the refusal of the court to charge as requested in the defendant's 6th point. If the plaintiffs neglected or refused to furnish the amount of money they agreed to advance, the company had the right to set off the special damages it had sustained by such neglect or refusal. But the court was asked to instruct the jury that they were not limited in their finding to any special damage suffered by such refusal, but might find such damages as they saw proper under all the circumstances in evidence before them. If the court had given this instruction, it would have been manifest error, for it would have left the jury without any rule or measure for their guidance in assessing the damages.

The refusal of the court to allow the defendant's witness to answer the question proposed to him, was properly overruled for the reason given by the learned judge—that it was an offer to set off damages arising out of a collateral agreement between the defendant and one of the plaintiffs.

Judgment affirmed.