# Clay Commercial Telephone Co., Plff. in Err., *v.* Charles M. Root.

As a general rule, the consideration to be paid, and not the subject or thing to be performed, determines whether a contract is entire or severable.

An affidavit of defense in a suit upon a contract, which sets up that the contract was tainted with fraud, but which contains nothing above mere hearsay, is not sufficient to prevent plaintiff's recovery.

(Decided February 15, 1886.)

Error to the Common Pleas, No. 1, of Philadelphia County to review a judgment for plaintiff in an action for breach of contract. Affirmed.

The facts of the case sufficiently appear in the opinion of the court.

*William W. Ker* for plaintiff in error.

*John Walker Shortlidge* for defendant in error.

OPINION BY MR. JUSTICE STERRETT:

One ground of defense on which the plaintiff in error relies is, that the contract sued on is not severable, and hence suit was prematurely brought.

After specifying the nature of the services to be rendered by plaintiff below for the term of one year from March 17, 1884, the contract says: "For which service he is to receive the compensation of $100 per month, the same to be guaranteed to him by this company for the period of one year." While the services were to continue for a specified time, it is very evident from the language of the contract that they were to be compensated by monthly payments of $100. As a general rule, the consideration to be paid, and not the subject or thing to be performed, deter-

Cited in Allen v. Colliery Engineers' Co. 196 Pa. 519, 46 Atl. 899.

NOTE.—A contract consisting of several items, with price apportioned to each, is generally held severable. Gill v. Johnstown Lumber Co. 151 Pa. 534, 25 Atl. 120. Fullmer v. Poust, 155 Pa. 275, 35 Am. St. Rep. 881, 26 Atl. 543. The rule is otherwise if the consideration to be paid is single and entire. Ibid.

mines the class to which a contract belongs. If the consideration is single, the contract is entire; but if the consideration is expressly or by necessary implication apportioned, the contract is severable. Lucesco Oil Co. v. Brewer, 66 Pa. 351–355; Morgan v. McKee, 77 Pa. 228. Moreover, the nature of the contract relation between the parties is such as to indicate that it could not have been their intention to withhold all compensation until the services were fully performed. Nor did they, by their course of dealing, give any other construction to the contract. Before any misunderstanding arose between them, plaintiff below had been paid for more than six months' services; and in the affidavit of defense it is distinctly averred that he was fully paid for his services until "the latter part of October, 1884." There is no merit in that ground of defense.

It is also contended by the company that it was fully justified in discharging plaintiff below and rescinding the contract nearly five months before it would have expired by its own limitation. On this point the averments of the affidavit of defense are very diffuse, and far from being either distinct or specific. They contain insinuations of conspiracy to injure the credit of the company, without making a specific charge to that effect, based upon facts that would support it. The most that can be fairly extracted from the affidavit is that, outside of his general employment as exchange manager and electrician under the contract in suit, plaintiff below had a special contract with the company to supply switches, at $5 for each drop. So far as appears, that contract was satisfactorily performed, but the company, through its president, expressed a determination not to pay the full price agreed upon for the switches, because somebody had informed him that "$5 for each drop was an excessive and exorbitant price, and that such switches could be purchased at a far cheaper rate elsewhere." When plaintiff below was advised of the position thus assumed by the president of the company, he lost no time in bringing suit for the amount due him for switches furnished under the contract. In so doing he violated no duty which he owed the company. There is nothing in the affidavit of defense that rises above the dignity of mere hearsay, to show that the contract to furnish the switches was in the slightest degree tainted with fraud in its inception or during its fulfilment by plaintiff below. For aught that appears he was entitled to his entire claim of $855.02, and therefore not justly charge-

able with bad faith towards his employer in bringing suit for the recovery thereof. If the company was afterwards harassed with suits by other creditors, it was, doubtless, due more to its own want of punctuality in meeting its pecuniary engagements than to any breach of duty on the part of plaintiff below.

In any view that can be properly taken of the affidavit of defense, it was insufficient, and, hence, there was no error in entering judgment for plaintiff.

Judgment affirmed.