# Williams v. Rosenthal, Appellant.

*Sales—Personal property—Refusal to accept—Compliance with contract—Case for jury.*

In an action of assumpsit for breach of contract for refusal to accept two carloads of potatoes, evidence was produced that the plaintiffs had shipped two carloads of potatoes to the defendants who refused to accept them on the ground that they were not up to the standard called for in the contract.

The plaintiffs thereupon notified the defendants that they would offer the potatoes for sale and hold him for the difference between the price obtained and the contract price.

The potatoes having been sold for a less amount than the defendant agreed to pay, the action was brought to recover the difference. At the trial of the case the plaintiffs produced evidence to show that there was a substantial compliance with the contract, allowance being made for any slight deficiency.

The defendants claimed that the contract was entire, and that there being sufficient evidence by admission of the plaintiffs of the failure of the performance of the material part, that judgment should have been entered for the defendant.

Under such circumstances, the case is for the jury and a verdict for the plaintiff will be sustained.

Argued October 10, 1922.    Appeal, No. 67, Oct. T., 1922, by defendant, from judgment of C. P. No. 5, Phila. Co., Sept. T., 1919, No. 4815, on verdict for plaintiff in the case of W. F. D. Williams, H. M. Williams, G. D.

150, (1922).] Statement of Facts—Opinion of the Court.

Horner, T. W. Horner, W. F. Allen and W. H. Hall, co-partners trading as East Coast Potato Distributors, v. Harry Rosenthal, trading as Rosenthal Brothers.  Before PORTER, HENDERSON, TREXLER, KELLER and GAW-THROP, JJ.  Affirmed.

Assumpsit for breach of contract.  Before MARTIN, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $1,403.35 and judgment thereon.  Defendant appealed.

*Error assigned* was refusal of defendants' motion for judgment non obstante veredicto.

*William F. Berkowitz,* for appellant.

*J. Reet Guckes,* of *Gill, Guckes and Shrader,* for appellee.

OPINION BY HENDERSON, J., December 14, 1922:

The defendant bought four cars of potatoes from the plaintiffs, to be delivered on the cars at Cape Charles, for shipment to Philadelphia.  Two of the cars ordered were "Shield Brand" and two "Machine graded seconds."  The price of the former was to be $6 per barrel, and of the latter $4.10 per barrel.  On the arrival of the cars at the Pennsylvania Railroad Company's freight yard they were inspected by agents of the defendant, who refused to accept them on the ground that they were not up to the standard called for in the contract.  Plaintiffs thereupon notified the defendant that they would offer the potatoes for sale and hold him for the difference between the price obtained and the contract price.  The potatoes having been sold for a less amount than the defendant agreed to pay, this action was brought to recover the difference.  The court charged the jury that if

there was a substantial compliance with the contract by the plaintiffs they were entitled to recover, allowance being made for any slight deficiency. The position of the appellant is that the contract was entire and that, there being sufficient evidence by admission of the plaintiffs of a failure of performance in a material part, the judgment should have been for the defendant.

There is nothing in the terms of the contract from which it must be conclusively held that it was an entire contract and the interpretation put on it by the parties would point to a different conclusion. The potatoes were sold by the bushel, they were to be shipped in carload lots; two kinds were bought, and when they arrived each car was inspected by the defendant; separate drafts were drawn for each carload. The affidavit of defense does not rest the case on the averment that there was a partial failure of performance and therefore the action could not be maintained. On the contrary, it sets up the defective quality of all of the barrels shipped. The rejection of the shipment was not because one barrel was bad or because one car was of inferior quality, but because the whole consignment contained merchandise of an inferior quality and therefore of less value than that contracted for. The entirety of a contract depends on the entireness of the consideration or its express or implied apportionment to the several items constituting its subject. If the consideration is single the contract is entire, whatever the number or variety of the items, but if the consideration is apportioned expressly or impliedly to each of the items the contract is several. Such is the law as expressed in Lucesco Oil Company v. Brewer, 66 Pa. 351. Whether the contract is severable is to be determined from its terms and the surrounding circumstances, and this is a question for the jury where the evidence is verbal: Rugg & Bryan v. Moore, 110 Pa. 236. There is nothing in the character of the transaction from which it should be held that the essence of the contract was that there should be four cars or none. When the kind of

150, (1922).]        Opinion of the Court.

merchandise is considered it would be a reasonable presumption, in the absence of explanatory circumstances, that two or three cars would be useful to the purchaser if the third or fourth car was not delivered. Ordinarily where there is a purchase of different articles at different prices at the same time, the contract should be held to be severable unless the receiving of all became essential because of the character of the things bought or by the agreement of the parties: Quigley v. DeHaas, 82 Pa. 267; Barnett v. Becker, 25 Pa. Superior Ct. 22.

As we view the evidence, however, it is not material whether the contract was entire or not, for there was evidence from which the jury might conclude that there was a substantial performance on the part of the vendors. It is true there was evidence that the plaintiffs admitted one of the cars was not up to the government standard in quality, but there was other evidence that it was practically so, and as the contract was not made for delivery according to a fixed standard, the question of substantial compliance was properly one for the jury. When the nature of the merchandise is taken into consideration it is obvious that it was not in contemplation of the parties that each potato should be of perfect quality and exact size. The defendant had been for years engaged in the business of buying and selling potatoes and was of course familiar with that kind of merchandise. An occasional sunburned potato, or one having scab or of an inferior size, must have been within the contemplation of the parties when the contract was entered into. The court in such circumstances could not properly have affirmed defendants' first point, nor entered judgment non obstante veredicto.

The assignments are therefore overruled and the judgment affirmed.

LINN, J., did not sit and took no part in this decision.