## Smith, Appellant, *v.* Faust et al.

*Contracts—Building contracts—Destruction of building before completion—Material and labor furnished—Quantum meruit—Counter claim—Judgment for want of sufficient reply.*

In an action of assumpsit to recover money alleged to have been paid on account of an oral contract to build a house which was burned before completed, the terms of the contract were in dispute.

In such a case the court cannot assume as a fact that the contract was for payment on a quantum meruit basis, when the plaintiff swore it was for a lump s·m, and the pleadings contained nothing to show the proportionate amount of the work done when the building was burned. The disputed facts were for the jury and judgment against the plaintiff for want of a sufficient reply to the defendant's counter claim is error.

Judgment for want of a sufficient affidavit of defense ought not to be entered when a material averment in the plaintiff's statement on which his right to recover a judgment depends is sufficiently denied or disputed in the affidavit. The same rule applies· to the entry of judgment for want of a sufficient plaintiff's reply.

Argued October 25, 1927. Appeal No. 200, October T., 1927, by plaintiff from judgment of C. P. Franklin County, No. 267, October T., 1924, in the case of W. H. Smith v. John Z. Faust, W. C. Faust, surviving partners of the late firm composed of John Z. Faust, W. C. Faust and Mary K. Faust, trading as D. W. Faust & Sons. Before PORTER P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Reversed.

Assumpsit to recover money advanced on account of an oral building contract. Before DAVISON, P. J.

The opinion of the Superior Court states the facts.

The Court entered judgment for defendant in the amount of defendant's counter claim, to wit: $565.04, and interest. Plaintiff appealed.

Error assigned was the decree of the Court.

*John H. Hoke* and with him *J. R. Ruthrauff* and *Walter K. Sharpe,* for appellant.—The contract was not for joint erection of a building and on its destruction the contractor was not relieved from performance because of the destruction by fire: Cramp & Co. v. Central Realty Corp., 268 Pa. 14; Murphy v. National Bank, 184 Pa. 208; Lovering v. Buck Mountain Coal Co., 54 Pa. 291; Greenberg v. Sun Shipbuilding Co., 277 Pa. 312; Wertz v. Klinger, 25 Pa. Superior Ct. 523.

Defendant cannot recover on quantum meruit for work and material furnished before the building was destroyed: Appleby v. Myers, 2 Law Reports Ct. C. P. 650; Taulbee v. McCarthy, 144 Ky. 199, 36 L. R. A. (N. S.) 43.

*Edmund C. Wingerd* and with him *John R. Jackson,* for appellees, cited: Butterfield v. Byron, 153 Mass. 517, 27 Northeastern 667; Cook v. McCabe, 53 Wis.

250, 10 N. W. 507; Dixon v. Breon, 22 Pa. Superior Ct. 340; Wolf v. Altmeyer, 8 District Reports 408.

OPINION BY KELLER, J., March 2, 1928:

Judgment for want of a sufficient affidavit of defense ought not to be entered when a material averment in the plaintiff's statement, on which his right to recover a judgment depends, is sufficiently denied or disputed in the affidavit. The same rule applies to the entry of judgment in favor of a defendant for want of a sufficient plaintiff's reply. On careful consideration of all the pleadings,—which by reason of many amendments are somewhat complicated,—we are of opinion that judgment should not have been entered against the plaintiff for want of a sufficient reply to the defendants' counter-claim; because a material fact on which the judgment must rest is in dispute, and should be determined by a jury.

The plaintiff alleged that defendants orally contracted to erect for him, by June 1, 1923, a brick cased two-story dwelling in accordance with certain plans and written specifications attached to the statement, for which he was to pay them the sum of $7,000; they to furnish therefor all the materials and perform all the labor necessary in accordance with said plans and specifications; that as the work progressed, from time to time, he had paid defendants in cash on account of said contract price the sum of $4,850 and furnished material at their request of the value of $232.90; that before said dwelling was completed or had been accepted by him it was destroyed by fire; that defendants refused and neglected to proceed with the erection and construction of said dwelling pursuant to said contract or to reimburse him for the money and material advanced by him. Wherefore he claimed to recover said payments, amounting to $5,082.90, with interest from October 13, 1923.

The defendants admitted an oral contract to build the said house in accordance with said plans and

specifications, but denied that they had agreed to build it for $7,000, and averred that the contract was, that the plaintiff should pay them therefor the cost of materials and labor as billed to him by them; they denied that the cash payments made by the plaintiff were made as part of any specific contract price, and averred that they were made for materials and labor furnished in the erection of said building as the work progressed, according to said oral contract; and that the materials furnished by plaintiff were not included by them in their bills, that they had made no charge for them and were under no obligation to purchase or pay for the same. They averred that at the time of said fire the building, though not completed, was under roof and that the plaintiff had accepted the materials and labor furnished by defendants and had become the sole owner thereof, and had full control and supervision over the entire structure prior to and at the time of the fire, and had collected $5,000 insurance on said building by reason of said fire. As a counter-claim they claimed to recover from the plaintiff the sum of $565.04, with interest from December 29, 1923, representing an unpaid balance for materials and labor furnished the plaintiff for said dwelling pursuant to their version of said oral contract.

Plaintiff's reply denied that the oral contract was as alleged by defendants, and that any material or labor had been furnished under it, and averred that the contract was as first stated by him, that defendants should build and erect the said dwelling and furnish all labor and material necessary therefor in accordance with said plans and specifications for $7,000.

The specifications referred to provided that all the masonry, (including foundation walls), brick work, carpentry, roofing, tinning, sheet metal work, plastering, painting, steel work, lumber, mill work and hardware, as specifically described therein, should be done or furnished by the contractor; the owner to do the plumb-

ing, heating and wiring and to lay the cement floor in the cellar.

On the theory that the contract and specifications did not call for the erection and construction of a completed house by the defendants, but only for the furnishing of certain labor and materials, which, when joined to certain other labor and materials to be furnished by the plaintiff, would make the house contracted for, (See Cook v. McCabe, 10 N. W. (Wis.) 507; Butterfield v. Byron, 27 N. E. (Mass.) 667) the court below held that the defendants were not bound to rebuild the house or pay back the moneys paid them on account; and that plaintiff was liable for the value of the labor and materials furnished by the defendants over and above the $4,850 paid on account, and entered judgment in their favor against the plaintiff, for want of a sufficient reply to their counter-claim, for $565.04 with interest as aforesaid.

We think this was error, and that the case was for the jury.

In passing on the sufficiency of the plaintiff's reply, —even if it be assumed that the court below correctly construed the specifications, considered in connection with the disputed oral contract,—the averments of the reply must be accepted as true, and it alleged a contract by the defendants to furnish all the labor and materials and erect and construct the house complete, as per said plans and specifications, for the lump sum of $7,000, not the furnishing of labor and materials on a quantum meruit basis. Hence it follows that if the effect of the contract and specifications was that plaintiff and defendants were engaged in a joint undertaking for the erection of a house towards which defendants were to furnish certain labor and materials for $7,000, and that its destruction by fire relieved defendants from further performance, the measure of defendants' counter-claim was not the value of the labor and materials furnished but a pro rata share of

the contract price: Cook v. McCabe, supra, p. 511;
Butterfield v. Byron, supra, p. 669; Hargrave v. Con-
roy, 19 N. J. Eq. 281, 285; and there were no aver-
ments in the pleadings as to what proportion of the
work was completed, and what remained to be done,
when the fire occurred. The court cannot, for the pur-
pose of assessing damages, assume as a fact that the
contract was for payment on a quantum meruit basis
when the plaintiff swore it was otherwise, and the
pleadings contain nothing to show the proportionate
amount of the work done when the building was
burned. Hence the case is not ripe for a summary
judgment in favor of the defendants on their counter-
claim.

But we are further of opinion that the dispute be-
tween the parties as to the terms of the oral contract
goes to the root of the whole controversy and practic-
ally determines the right of recovery by plaintiff or
defendants, respectively, and requires submission to
a jury.

As we view the contract and specifications in the
light of the *plaintiff's* averments, they call for the
erection and construction by the defendants of a com-
pleted house, for which the plaintiff was to pay the
lump sum of $7,000, and in the event of the destruction
of the house by fire, before completion and acceptance,
without fault of the plaintiff, the defendants were
obliged to rebuild and reconstruct the same in accord-
ance with said specifications, (Cramp v. Central Realty
Corp., 268 Pa. 14, 20; Murphy v. Liberty Nat. Bank,
184 Pa. 208, 217), and in default thereof are liable to
the plaintiff in damages, which he has laid at the
moneys, etc., paid on account. We do not think that
the fact that the plaintiff reserved out of the contract,
the plumbing, heating, wiring and laying the cement
cellar floor alters the situation. It is common in build-
ing contracts for the general contractor to erect and
construct the building, excluding these items, and for

the owner to award the plumbing and heating and the electric wiring contracts to special contractors; and to provide for the laying of the cement cellar floor at the same time and by the same contractor that the outside walks and paving are laid; and we never before heard it contended that by doing so the general contractor was relieved of his obligation to turn over a completed building according to plans and specifications, and to rebuild in case it was destroyed by fire before completion. It is not like the cases relied on by the appellee and the court below, supra, where part of the actual building was to be done by the owner and part by the contractor, or where the owner is himself the general contractor and lets out the different parts of the work to different sub-contractors, none of whom is responsible for the erection and completion of the entire building. See also, Hollis v. Chapman, 36 Texas 1; Schwartz v. Saunders, 46 Ill. 18, 22. Here, from the foundation walls to the roof, the specifications provide that the contractor is to do all the work and furnish all the materials necessary for the erection of the building, leaving to the owner, or a contractor selected by him, to furnish and install only such internal improvements and conveniences as were thought necessary to make it a desirable modern dwelling.

But this obligation on the part of the defendants to rebuild or reimburse the plaintiff for his advancements may be affected by the averment of the defendants that he collected $5000 insurance on the building partially erected by the defendants. His act in so doing, if the averment is proved to be true, may amount to an acceptance by him of the work and labor performed and an agreement to pay the defendants, if not responsible for the fire, the pro rata value of the work done on account of the contract; and constitute him a trustee for the defendants as to the moneys received over and above his own investment in the building, somewhat as

a vendor who receives insurance on buildings after he has entered into articles for their sale, is held a trustee for the purchaser as to any moneys over and above the unpaid purchase money: Reed v. Lukens, 44 Pa. 200, 202; Ins. Co. v. Updegraff, 21 Pa. 513; Bauer v. Hill, 267 Pa. 559, 563; Parcell v. Grosser, 109 Pa. 617, 620; Farmers Mut. Ins. Co. v. Graybill, 74 Pa. 17, 23. See also, Foley v. Ins. Co., 46 N. E. (N. Y.) 318, 319. This, too, calls for proof and further consideration thereon when presented. It cannot be decided by a mere averment by the defendants.

On the other hand, if the oral contract was as alleged by the *defendants* not an agreement to build and complete the dwelling for a lump sum but to do work and furnish materials to its erection and construction in accordance with the plans and specifications, for which the plaintiff was to pay them for the labor and materials as furnished on a quantum meruit basis, he retaining possession and control over the structure at all times,—in effect, a construction contract on a time and material basis,—then we think the interpretation of the court below would be justified, and the defendants would be entitled to a judgment for the value of the labor and materials furnished in excess of the payments received. See Clark v. Franklin, 7 Leigh (Va.) 1, 9, 10; Donavin v. Thurston, 179 N. Y. Supp. 473, 476. But this must depend on a finding by a jury of the disputed question of fact in favor of the defendants and against the plaintiff.

Holding this view of the case we are of the opinion that it was error to enter summary judgment in favor of the defendants for want of a sufficient reply to their counter-claim.

The first assignment of error is sustained. The judgment is reversed with a procedendo.