Garman et al., Appellants, *v.* Hoover et ux.

204

Argued October 22, 1928.

Before HENDERSON, TREXLER, KEL-
LER, LINN, GAWTHROP and CUNNINGHAM, JJ.

*Charles C. Lark,* and with him *A. F. Gilbert,* for appellants.—The contract was divisible: Crawford v. McKenney, 165 Pa. 605. The written contract was a joint enterprise: Cook v. McCabe, 53 Wis. 250; 10 N. W. 507; Butterfield v. Byron, 153 Mass. 517; 27 N. E. 667; Hayes v. Gross, 49 N. Y. S. 1098; Haynes v. Second Baptist Church, 57 Am. R. 413; 88 Mo. 285. Defendants were trustees for plaintiffs of insurance money collected on the house: Reed v. Lukens, 44 Pa.

200; Insurance Company v. Updegraff, 21 Pa. 513; Bauer v. Hill, 267 Pa. 559.

*J. Fred Schaffer,* for appellees.—The contract was not a joint enterprise: Camp v. Central Realty Corp., 268 Pa. 14; Murphy v. Liberty Nat. Bank, 184 Pa. 208. The contract was entire and indivisible: Easton v. Jones, 193 Pa. 147; Shinn v. Bodine, 60 Pa. 182; Quigley v. DeHaas, 82 Pa. 267; Producers' Coke Co. v. Hillman, 243 Pa. 313; Lucesco Oil Co. v. Brewer, 66 Pa. 351. Contractor cannot recover insurance carried by owners to cover payments made by them: Smith v. Faust, 92 Pa. Superior Ct. 267.

OPINION BY TREXLER, J., January 25, 1929:

The defendants were owners of certain lots in the Borough of Shamokin and on October 30, 1926, entered into a written contract with the plaintiffs wherein it was provided that they should erect a dwelling house and garage on the lots. The defendants were to pay to the plaintiffs the sum of eighty-three hundred ($8,300) dollars, to wit, one-third when the walls were built and the rough material in place, the balance in three equal installments, one when the premises were ready for plastering, one when the premises were plastered and one when the premises were completed and accepted by the defendants. In addition to the above sum, the old laundry building then standing on the lot was to be "considered as part payment on the new buildings to be erected. All good materials to be used for buildings to be erected."

The plaintiffs began the erection of the buildings and the dwelling house was under roof when on May 26, 1927, it was completely destroyed by fire. During the progress of the work, the defendants, the owners of the fee, had insured the dwelling house in their own name in the amount of $8,000 and after the fire collected $5,609.10.

After the fire, the plaintiffs erected a dwelling similar to the first one upon the property on the site of the first dwelling and the materials when they were furnished to the erection of the second house amounted to $7,968.59.

1. Was the erection of the house a joint enterprise? If the contractor was alone responsible for it, when the house was destroyed by fire, the loss would fall on him and he would have been compelled to rebuild and reconstruct the same in accordance with the specifications and in default thereof be liable to the plaintiff in damages. Cramp v. Central Realty Corp., 268 Pa. 14, 20; Murphy & Hamilton v. Liberty Nat'l. Bank, 184 Pa. 208, 217; Smith v. Faust, 92 Pa. Superior Ct. 267, 272. We do not think there was anything in this case to support the theory of a joint enterprise, the plaintiffs were engaged to furnish the materials and work for the structures. The fact that the old laundry building should be considered as part payment on the new buildings to be erected did not make the defendants in any way participants in the building operations. The laundry item was merely what it purports to be, a part payment of the consideration. The plaintiff was engaged to furnish the materials and construct the buildings and to tear down the old laundry and the taking of the usable materials was solely their duty and was not under joint control of the parties. The defendants had no right whatsoever to direct or govern the movements of the contractors in the furnishing of materials or the work required in erecting the buildings. The present case is devoid of any of the features which appear in the authorities cited by the appellants. There is no question that where there is a contract which does not obligate the contractor to furnish a completed house, but provides for the participation of the owner and the contractor in furnishing material for portions of the structure that that constitutes a joint enterprise, but

the fact that in the present case the contractor was paid in part by taking the old laundry building, does not make it in any respect a joint enterprise.

2. The plaintiff contends that the written contract was entire and indivisible and that as the work progressed, the contractors were entitled to the installments provided for by the contract and that as to these, the transaction was pro tanto closed. It will be observed that while the consideration was to be paid at certain times during the progress of the work, the total sum to be paid was fixed and the installments paid were not to be applied specifically to any part or item of the consideration, but were merely partial payments upon the sum which the house was to cost. In Producer's Coke Co. v. Hillman, 243 Pa. 313, 315, the Supreme Court states the distinguishing mark of a divisible contract is that it admits of apportionment of the consideration on either side so as to correspond to the unascertained consideration on the other side. In Easton v. Jones, 193 Pa. 147, 150, we read "there is nothing to prevent parties, even in entire contracts, from agreeing to partial payments pending the full performance, and that is what was done in the present case. The agreement in this respect is very analogous to the familiar cases of contracts for building. There can be no question that in nearly all of such cases the contract is entire, yet nearly all provide for advances or payments at stipulated stages of the work, the avowed object being to enable the contractor to complete the whole." Lusesco Oil Co. v. Brewer, 66 Pa. 351; Williams v. Rosenthal, 80 Pa. Superior Ct. 150; Story on Contract, Section 24. Crawford & Moyes v. McKinney cited by the appellant is not in point. That case decided that where specified sum was to be paid on the contract upon the completion of certain parts that suit could be brought for the installments as they become due. There can be no doubt about that, for the contract, as in this present case, provided for such

payments and when they are due, they can be sued for, but if thereafter the contractor fails to deliver a completed dwelling, he must nevertheless respond in damages for failure to keep his contract. The trial judge rightly held that the contract not being a joint enterprise and not being divisible, it follows that the contractor was obligated to complete the house notwithstanding the fact that when partially completed, it was destroyed by fire.

3. Had the plaintiffs any claim on the proceeds of the insurance which the defendants had on the building? As matters stand, the house being uncompleted, it would seem that the contractor's duty was to take out insurance against fire if he wished such protection instead of relying upon the possibility of the owner of the fee taking it out. When the defendants took out insurance, they had already invested in payments to the contractor over $5,600 and the amount received from the insurance company was this amount, with a slight reduction. The fact that they had been reimbursed for their loss, did not put the plaintiffs in a position of reaping the fruits of defendants' prudence by taking the proceeds of the insurance which they had paid for. There is nothing in Smith v. Faust, 92 Pa. Superior Ct. 267, 273, against this view. In that case the court entered judgment in favor of the defendants for want of a sufficient reply to their counterclaim and it was decided there that there were questions of fact raised which should be submitted to a jury. There was an averment by the defendants that the plaintiff collected $5,000 insurance on the building partially erected by the defendant and the comment is made that if the amount of insurance received exceeded the plaintiff's investment in the building, he might then be considered as a trustee for the defendant. The question was suggested, not decided. In the present case, as already pointed out, the amount of insurance paid to the defendants was less than the amount that

they had already paid to the plaintiffs on account of the building and therefore the above case does not apply.

4. Lastly, we think the court was right in excluding the proof of a verbal contract for the building of the second house. The court correctly held that the plaintiffs were bound under their written contract and that unless there was an offer of proof to show that there was consideration for such an oral contract, it was without consideration. We think the court rightly decided the questions involved in the case.

The assignments of error are overruled and the judgment is affirmed.