Kunkel *v*. Aircraft Control Corp., Appellant.

Argued December 11, 1930.

Before Trexler, P. J., Keller, Linn, Gawthrop Cunningham, Baldrige and Whitmore, JJ.

*Edreth P. Acton,* and with him *Kesniel C. Acton,* for appellant.

No appearance and no printed brief for appellee.

OPINION BY WHITMORE, J., December 27, 1930:

The plaintiff brought an action in assumpsit against the defendant, appellant, to recover $140, of which $30 was for balance due on a written contract for work and labor performed, $20 for extra work alleged to have been done, and $90 for lumber which plaintiff alleged defendant ordered through its agents or representatives but which was not included in the written contract. The defendant filed an affidavit of defense as to the items above mentioned and a counterclaim of $300 as damages for plaintiff's failure to carry out the terms of the written contract. The plaintiff entered a rule for judgment for want of sufficient affidavit of defense and filed reply to defendant's original counterclaim raising questions of law. The court below permitted the defendant to file an amended affidavit of defense and counterclaim, which set forth that as to the $30 claimed under the contract the plaintiff never completed the work covered by such contract, denied that the plaintiff performed extra work to the amount of $20, and further denied that the defendant or anyone for it ordered, received or accepted any lumber whatsoever from the plaintiff for which a charge of $90 was made, and set up a counterclaim for failure to perform.

The court below made absolute plaintiff's rule for judgment for want of a sufficient affidavit of defense, dismissed plaintiff's reply to defendant's counterclaim raising questions of law, and damages were assessed in the sum of $149.80. The petition of the defendant for reargument of the rule for judgment for want of sufficient affidavit of defense setting forth the

fact that a counterclaim for a sum in excess of the amount claimed by the plaintiff remained unanswered, was refused by the court, and the record fails to disclose any reply or answer to defendant's amended counterclaim. No opinion was filed by the court below. There was no appearance in this court or printed brief for the appellee.

The appellant assigns as error (1) the action of the court in making absolute the rule for judgment for want of a sufficient affidavit of defense, and (2) in assessing the damages.

A careful examination of the statement of claim, affidavits of defense and counterclaims leads us to the conclusion that it was error to enter a summary judgment against the defendant. Under the terms of the written contract the plaintiff was to perform certain work for which he was to receive the sum of $600, on account of which he admits having received $570. The amended affidavit of defense specifically denies liability and raises questions of fact that should be decided on their merits after a full hearing. With such essential questions of fact open, it was error to enter a summary judgment against the defendant. See Casaccio v. Marrone, 92 Pa. Superior Ct. 467-471. In Smith v. Faust, 92 Pa. Superior Ct. 267-269, this court held: "Judgment for want of a sufficient affidavit of defense ought not to be entered when a material averment in the plaintiff's statement, on which his right to recover a judgment depends, is sufficiently denied or disputed in the affidavit."

In Eizen v. Stecker, 295 Pa. 497-500, the court held: "Judgment for want of a sufficient affidavit of defense should not be ordered except in clear cases. Doubtful cases should go to trial, especially those involving intricate relations demanding an inquiry into the facts of the controversy."

We do not think the plaintiff's statement was suffi-

ciently specific to support the claims for extra work and lumber.  On the other hand, we regard the defendant's counterclaim as insufficient to sustain its demand for $300.  Neither would support a judgment as to those items in their present shape.  If intended to be pressed, they can be by being rendered more specific by amendment.

The judgment is reversed with a procedendo.