## Awner v. Halpern, etc.

*Nathan L. Posner*, for plaintiff.

*David A. Saltzburg*, for defendant.

KUN, J., November 15, 1948.—Plaintiff filed this suit in assumpsit for an accounting of defendant's net profits from February 1, 1947, to October 13, 1947, and for the recovery of 10 percent of the net profits

revealed therein, pursuant to an agreement of employment which provided for a weekly wage to plaintiff of $75 and a 10 percent share of defendant's net profits, evidenced by defendant's financial statement as of December 31, 1947, the end of the contract term. Plaintiff alleged that defendant terminated the contract on October 13, 1947.

Defendant's answer containing new matter denied that the employment was terminated by defendant on October 13, 1947, but averred that defendant terminated plaintiff's employment on August 1, 1947, because of plaintiff's refusal to heed instructions, his careless and negligent performance of his duties, his failure to work exclusively in the interest of defendant, and his breach of trust as an employe, all of which was in violation of the written agreement of employment and all of which had occurred from the very inception of the employment.

Defendant alleged additionally that plaintiff had instituted suit on November 20, 1947, in the Municipal Court upon the very same contract and averments to recover for salary allegedly due from October 13, 1947, to November 20, 1947, and that defendant's answer thereto contained the same denials and averments as those contained in the answer to the present complaint; that this prior litigation was tried on February 10, 1948, and resulted in a verdict for defendant upon which judgment was subsequently entered and no appeal taken, and the said prior litigation was incorporated by reference with copies of all pleadings attached.

Plaintiff's reply admits these allegations and defendant thereupon filed preliminary objections and a motion for judgment upon the pleadings. The pleadings and the testimony of the former case in the Municipal Court were incorporated by reference in the pleadings of the present case, under Rule 1018 (g) of the Penn-

sylvania Rules of Civil Procedure; and by reference to these pleadings it is clear that the contract in question was precisely the same as the one in suit here, and the averments are substantially identical except that in the prior case recovery for a weekly salary subsequent to the date of discharge was demanded, whereas in the present case recovery is sought for a 10 percent share of defendant's net profits to the date of plaintiff's discharge. In both cases defendant averred that plaintiff was discharged August 1, 1947, because of plaintiff's dereliction, breach of trust and breach of contract. In the Municipal Court case a verdict for defendant was rendered, from which no appeal was taken. Thus the basic fact that defendant was properly discharged for breach of his contract has been judicially determined. Can he now, having been denied recovery of weekly wages allegedly due him, claim a proportion of profits not then due him? The profits were not then even calculable because they were not, under the contract, to be determined until the end of the year, whereas he was properly discharged for his breach of his contract long before that. The mere statement of the proposition should make it quite clear that plaintiff cannot maintain this action.

The contention of plaintiff that the contract here is severable is untenable. It is a simple contract of employment for a term at a weekly wage and a share of profits to be calculated at the end of the term. This does not make the contract severable. It is clearly an entire contract. The fact that part of the consideration was not to be paid until the end of the term does not affect its character as an entire contract: Quigley v. DeHaas, 82 Pa. 267; nor does the fact that periodical wages were payable throughout the term of service affect it: Garman et al. v. Hoover et ux., 95 Pa. Superior Ct. 203, 207. Plaintiff was not to render certain services for the salary and other services for the share

of the profits. This point seems to us to be perfectly clear. There is authority for the proposition that in such a situation the employe is not entitled to any wage, if discharged for cause during the term: Beach v. Mullin, 34 N. J. L. 343, in which a number of early Pennsylvania cases are cited. However, in the case before us plaintiff was paid up to the time of his discharge.

The judgment in the Municipal Court in favor of defendant, judicially establishing the fact that plaintiff was properly discharged for breach of his contract of employment, is res judicata of that fact. There is no merit in the contention of plaintiff that because in the prior case plaintiff sought to recover weekly wages, and in the present case he seeks to recover a share of profits, the doctrine of res judicata cannot be applied. Where the right to recover is predicated upon the same question of fact, and that has been determined, it is res judicata: Bales v. Latta, 102 Pa. Superior Ct. 66, 72.

In Bowers' Estate, 240 Pa. 388, 390, the court stated: "The rule (res judicata) applies with the same strictness where the cause of action, while not technically the same, is nevertheless so related to the cause in the prior litigation that some matter, the establishment of which is essential to the recovery in the second, was determined in the first."

The profits of defendant's business, a portion of which plaintiff now seeks to recover, up to the time of his discharge were not under the contract apportionable in any such way. Indeed, as pointed out, they were not to be calculated until the end of the term of employment. If, prior to that, plaintiff gave up his employment or was discharged for legal cause, he cannot claim that part of his compensation which would have been payable to him under the contract had he fulfilled his part of it. Even in a case where plaintiff, employed as

a sales manager, was to be paid a salary and commissions (which could easily be calculated as they accrued), it was held if plaintiff breached his contract by failure to devote his full time to his employment, he was not entitled to recover either his salary or commissions: Dixon v. Smyth Sales Corp., 110 N. J. L. 459, 166 Atl. 103. The view there expressed is somewhat, although not altogether, at variance with the disposition of the case of Peniston v. John Huber Co., 196 Pa. 580, although the point apparently was not litigated therein.

Plaintiff there was employed as manager for defendant for a stated period. His compensation was a one-third share of the net profits, settlements to be made every three months, and "one third of the accrued net profits as shown by such settlements shall be paid over to (the plaintiff)". The contract also provided that at its expiration plaintiff was to receive in money one third of the value of certain stock of the employer, copyrights and plates. Plaintiff was discharged from his employment, and thereafter filed suit to recover the one-third share of net profits for the period of the contract, and the one-third value of the stock, etc. In the court below the trial judge permitted the jury to determine whether plaintiff had been discharged for cause, charging the jury that if he had not been so discharged, plaintiff would be entitled to recover the full amount granted by the contract, but if he had been discharged for cause, then his recovery would be limited to his share of the net profits for the first three months, at the end of which, approximately, he had been discharged. The Supreme Court reversed, holding as a matter of law that plaintiff had been properly discharged, and sent the case back for the determination of the one third of the "accrued net profits" up to the time of his discharge. The reason for this is found in the statement

of the court (p. 586) : "As he was discharged about the time the first settlement ought to have been made, . . ." It is to be noted that the contract did not provide any other form of compensation. Thus, it was not a case of salary and a share of the profits, but the share of the profits, as indicated, was the salary. The court stated categorically, however (p. 586) : "All other compensation under the contract he (plaintiff-employe) forfeited by his misconduct and lost when he was properly discharged." That is to say, plaintiff could not recover one third of the value of the stock, etc., which would have been payable to him at the end of the contract period if in force, reduced and apportioned down to the period from the beginning of the contract to the time of his discharge. The reason is simple. The provision in the contract that the employe would be entitled at the end of the term to certain benefits is obviously predicated on the assumption that he had fulfilled and performed his service, and that the contract would be in force at that time.

As already pointed out, supra, the contract of employment in the case before us does not provide for any such apportionment or accrual of profits as appeared in the case cited. The limited recovery was there allowed evidently because the contract specifically provided that method of computation of compensation to the employe at the end of every three-month period, and because of the concurrence of the employe's discharge at that time, emphasized as it was by the court. It is not to be supposed that the court would have allowed any recovery had the discharge for cause occurred sometime during the three-month period. We must state in passing, however, that the right granted plaintiff in that case to recover within the limited amount there stated (a point evidently not litigated as we have heretofore suggested) is at variance with the basic principle that one who breaches a contract ought

not to be permitted to recover any benefit thereunder, for to do so would require "from the defendants payment for so much performance as met the pleasure, convenience and advantage of the plaintiff": Producers Coke Co. v. Hillman, 243 Pa. 313, 318. For instance, in a case similar to the Peniston case, a man engaged himself to be a general manager for a period of two years. He was to be paid in lieu of salary one third of the profits every three months, and other advantages. The employer made this contract because he expected to have the benefit of the manager's services for the two-year period. In the first three or six months of the employment, a large amount of business is done for the employer, in the height of which the manager leaves to seek other employment in the same field more advantageous to him, or so conducts himself as to force his discharge, to enable him to take the other employment. To allow the limited recovery even under the special circumstances appearing in the Peniston case seemed like allowing compensation to an employe for violation of his contract. This is a point that may very well be reëxamined in a case involving a similar situation, as it was not discussed in the case cited.

The case is inapplicable here because, as stated, plaintiff received his salary up to the time that he was discharged. That he was not entitled to any wages subsequent thereto was judicially determined in the Municipal Court case, in which it was adjudicated that plaintiff had been properly discharged. We know of no basis upon which he can now recover in this action a portion of profits up to the time of his discharge; the contract between the parties did not provide for any such apportionment of profits, and by the terms of the contract profits were not to be determined until the end of the year, which was long after plaintiff had been properly discharged.

The preliminary objections to plaintiff's reply are sustained.

Defendant's motion for judgment is granted. Judgment is entered for defendant.