WEST RICHARDSON, Plaintiff in Error, v. HENRY SHAW, Defendant in Error.

### February 28, 1876.

Under a contract for building, the payments to be made in installments, as certain parts of the work are finished, if the structure, while in progress, be destroyed by inevitable accident, the builder is entitled to be paid such installments as are fully earned; but he has no claim for a proportional part of the next installment, partially earned.

ERROR to St. Louis Circuit Court.

*Reversed and remanded.*

*Farish & Griffin*, for plaintiff in error, cited: Add. on Con. 450, 449; Niblo *v.* Bensse, 44 Barb. 57, and authorities cited; Schwartz *v.* Deagling, 55 Ill. 345.

*Glover & Shepley*, for defendant in error, cited: Adams *v.* Nichols, 19 Pick. (Mass.) 275; Davis *v.* Smith, 15 Mo. 467; Trippe *v.* Armetage, 5 M. & W. 699; Bunsley *v.* Smith, 3 Ala. 123.

LEWIS, J., delivered the opinion of the court.

On February 9, 1872, plaintiff contracted to furnish the materials, and build for defendant, on land belonging to the latter, a wooden-framed house, for the sum of $5,102, to be paid as follows: $1,000 when the framework should be up; $1,000 when the building should be inclosed; $1,000 when it should be ready for the plasterer, and the balance, $2,102, when the work should be finished. The frame work was up, and the building nearly inclosed, when a violent storm prostrated and destroyed the structure. Afterwards, on May 14, 1872, the parties

entered into a new contract for the carpenter's work upon a brick building to be erected in place of the other. This contract contained a stipulation as follows : "It being under- stood and agreed by the parties hereto that one thousand dollars of the last payment of twenty-five hundred dollars. has been° advanced and paid on a former contract, which. said contract is hereby set aside and no longer binding on either of the parties hereto, and that said payment of one thousand dollars will apply on this contract and will form a part of the last payment on the same."

This suit was instituted to recover the sum of $1,426.32, claimed by plaintiff for work and materials furnished upon the first building, up to the time of its demolition. Plaintiff prayed the court to instruct the jury as follows :

1. "If the jury believe from the evidence that plaintiff did the work sued for in this case, under a contract with defendant, and the building was destroyed, before comple- tion, by inevitable accident, without the fault of plaintiff, and that plaintiff complied with his contract except so far as prevented by such accident, they will find for the plaintiff the reasonable value of the work done, not to exceed the contract price ; unless they further believe from the evi- dence that plaintiff released defendant from all liability to him under said contract, and from all obligation to pay plaintiff for said work."

2. "If the jury believe from the evidence that the build- ing in question was being erected by plaintiff in a work- manlike and skillful manner, and that during the progress of its erection it was destroyed by a heavy wind, against which, by the use of proper precaution, the plaintiff could not have protected it, then the fact of the destruction of such building is no bar to a recovery by plaintiff herein,. if he is otherwise entitled to recover in this action."

3. "The jury are instructed that it is the duty of a con- tractor for the erection of a building to protect his work, in all reasonable modes, so as to preserve it from accident ;.

and that, if he proceeds with his work in a workmanlike and skillful manner, and according to contract, and uses all reasonable means to protect it during its progress, and it is destroyed or injured, before completion and delivery, by an inevitable accident, over which the contractor had no control, and which could not have been prevented by reasonable efforts on his part, he is not liable, and the loss must fall upon the owner of the property."

These instructions were refused, and the following was given on application of the defendant:

"If the jury find from the evidence that the plaintiff and defendant entered into the contract of the 9th of February, 1872, whereby the plaintiff contracted to do all the carpenter and joiner's work, and furnish all the materials of sash work necessary for the construction and completion of a certain building therein mentioned; that while said building was in the course of erection by plaintiff, and when the frame of the same had been erected, and before any roof had been placed upon said frame, the said building had been blown down by a sudden storm, then the court instructs the jury that said building was, up to the happening of said accident, at the risk of said plaintiff, and plaintiff cannot recover for the amount of work and labor and materials done and performed on the said building up to the time of said accident."

The plaintiff thereupon took a nonsuit, and, by the usual stages, has brought his case into this court upon a writ of error.

It seems to be conceded that the provision in the second contract abrogating the first did not operate to deprive the plaintiff of a right to compensation for the work done and materials furnished upon the first building, if he was otherwise entitled thereto. The first contract was abandoned, and a payment which had been made upon it was to be applied to the second. Thus the plaintiff's claim upon a *quantum meruit* appears to have been left open, and was so

treated in the instructions asked for on both sides, as well as in the arguments submitted here. The controversy is thus narrowed down to the respective rights of the parties as affected by the accidental destruction which overtook the unfinished work. The true principles which control such a case as this are thus clearly stated in Addison on Contracts, at page 452 : "If the contract price of the building is to be paid by installments, on the completion of certain specified portions of the work, each installment becomes a debt due to the builder as the particular portion specified is completed ; and, if the house is destroyed by accident, the employer would be bound to pay the installments then due, but would not be responsible for the intermediate work and labor and materials." This doctrine, eminently consonant with right reason, has formed the basis of numerous adjudications in England and America. I am unable to say, after careful search, that it has ever been authoritatively gainsaid. It follows that no instruction asked for on either side in the present case should have been given. Upon the facts assumed to have been shown, the plaintiff may have been entitled to receive the amount of the first installment stipulated for, which became due when the framing was up, but had no claim for work and materials bestowed afterwards, and before the earning of the next installment, which was intercepted by the storm.

The defendant cites some authorities to show that a contracting party will not be excused from performance by inevitable accident, or the act of God. But these have no application here. If the defendant had insisted on the completion of the building as contracted for, notwithstanding its destructive prostration, he might have had his remedy upon the plaintiff's refusal to rebuild. But, instead of that, the parties abandoned the contract by mutual consent. So that nothing is left for inquiry but the measure of compensation, if any, which plaintiff may claim for the work and materials done and furnished.

Other cases are cited by defendant, in which the contracts were indivisible, the entire compensation to be paid upon the completion of the work. These, also, are inapplicable, for reasons which already appear. Judge Gantt concurring, the judgment is reversed and the cause remanded; Judge Bakewell not sitting.