**LITITZ MUTUAL INSURANCE CO.,**
Appellant,

v.

**George LENGACHER et al., Appellees.**

No. 12066.

United States Court of Appeals
Seventh Circuit.

Nov. 6, 1957.

---

Carl J. Suedhoff, Jr., Walter E. Helmke, Leigh L. Hunt, Hunt & Suedhoff, Fort Wayne, Ind., for appellants.

Hermann F. Busse, Phil M. McNagny, Barrett, Barrett & McNagny, Fort Wayne, Ind., for appellees.

Before DUFFY, Chief Judge, and FINNEGAN and PARKINSON, Circuit Judges.

DUFFY, Chief Judge.

This is an action for a declaratory judgment wherein plaintiff prayed for judgment construing the rights, obligations and liabilities of the parties to the suit.

Plaintiff is a Pennsylvania corporation engaged in the fire insurance business. Defendant Northwestern Mutual Fire Association, hereinafter called "Northwestern", is a Washington corporation, and is also engaged in the fire insurance business. Defendant Lengacher was engaged in the building construction business in and about Fort Wayne, Indiana. Defendants William J. Kappel and Lorena A. Kappel, husband and wife, were the owners of real estate in Fort Wayne, Indiana, upon which they planned to erect a dwelling house.

For a period of several months prior to May 19, 1954, defendants Kappel and defendant Lengacher had conferred together and had reached certain understandings as to the dwelling house which Lengacher was to build for the Kappels at 1505 Archer Avenue, Fort Wayne, Indiana. The formal construction contract was not entered into until May 19, 1954 wherein Lengacher agreed to construct a dwelling house for the Kappels for a certain specified sum. Paragraph 3 of the agreement contained the following: "The Owner agrees to procure and maintain in full force and effect a Fire and Extended Coverage insurance policy in an amount sufficient to fully protect these improvements at all times during construction."

Lengacher commenced the actual construction work at approximately the same date the formal contract was signed. However, prior to the date of the contract, and in anticipation thereof, Lengacher obtained a builder's risk insurance policy from the plaintiff whereby plaintiff insured Lengacher's interest in the dwelling house to be constructed upon the Kappel premises against loss by fire *during the time the building was under construction.*

Defendant Dime Trust & Savings Bank had agreed to lend defendants Kappel the sum of $10,000.00, and to take a mortgage upon the premises upon which the dwelling was to be erected. On May 21, 1954, defendants Kappel purchased from defendant Northwestern, a policy of fire insurance which provided for the coverage of the dwelling house then under construction against damage by fire to the extent of $5,000.00. This policy contained a mortgage clause in favor of Dime Trust & Savings Bank. On July 21, 1954, as the construction work proceeded, Northwestern issued a new policy to the Kappels for the sum of $10,000.00 for a three-year period commencing July 31, 1954. This policy also contained a mortgage clause similar to that hereinbefore described. The earlier policy of $5,000.00 was cancelled.

By payments made on June 2, June 30 and July 15, 1954, the Kappels paid Lengacher a total of $9,116.50 for work done and materials furnished in the construction of the dwelling. The total price the Kappels had agreed to pay Lengacher was $11,850.00.

Defendants Kappel had no knowledge of the policy of insurance obtained by defendant Lengacher until some time after July 15, 1954, the date upon which the dwelling was damaged by fire. Likewise, defendant Lengacher had no knowledge of the policy obtained by the Kappels until after the date when the fire occurred. The fire damage to the Kappel house was $6,325.89.

After the fire, Lengacher proceeded to repair, at his own expense, the damage to the dwelling which was caused by the fire. Lengacher then completed the building and delivered possession to the Kappels who then paid Lengacher the balance due under their contract. Lengacher then presented to plaintiff a claim for $6,325.89, but plaintiff denied liability.

The District Court adjudged that plaintiff is liable on its policy issued to defendant Lengacher, and decreed that Lengacher recover from plaintiff the sum of $6,325.89. The Court also decided that Northwestern was not liable to defendants Kappel or to defendant Lengacher, and that Northwestern was not liable to plaintiff in any amount.

Plaintiff's principal point on this appeal is that defendant Lengacher did not have an insurable interest in the Kappel property on May 13, 1954, the date when plaintiff issued its insurance policy to Lengacher. Plaintiff points out that the policy was issued about six days before actual construction work commenced. We think plaintiff's position is untenable.

Lengacher and the Kappels had been negotiating for several months prior to the date of the insurance policy. Possibly all of the details had not been completed by May 13th, but it is a reasonable inference the agreement had crystallized sufficiently by that date that

the parties had agreed Lengacher was to build a dwelling house for the Kappels on the lot owned by them.

Plaintiff was in no way misled. The insurance policy provided that Lengacher would be protected against loss by fire *during the time said building was in course of construction.* The policy did not insure Lengacher for any period prior to the date when the construction work started. Plaintiff accepted the premium and never offered to return same.

Plaintiff seems to obtain some comfort from Womble v. Dubuque Fire & Marine Insurance Co., 310 Mass. 142, 37 N.E.2d 263. It is true there is a general statement in the opinion that if a person has no insurable interest in the property described in the policy, then such policy is inoperative. However, in that case the policy was held to be valid and binding. Moreover, the Court stated, 37 N.E.2d at page 265: "But the insured may have an insurable interest in property in which he has no title whatever, legal or equitable. 'By the law of insurance, any person has an insurable interest in property by the existence of which he receives a benefit, or by the destruction of which he will suffer loss, whether he has or has not any title in, or lien upon, or possession of the property, * * * (citing cases).'" The same Court also states, 37 N.E.2d on page 266: " * * * The requirement of an insurable interest when the risk is assumed arose merely to prevent the use of insurance for illegitimate purposes. It should not be extended beyond the reasons for it by excessively technical construction." We hold Lengacher had an insurable interest in the property described in the policy issued by plaintiff.

■ Plaintiff urges that the Kappels are primarily responsible for the fire damage by reason of having agreed with Lengacher to take sufficient insurance " * * * to fully protect these improvements at all times during construction." The trial court pointed out that Northwestern did not name Lengacher as an insured,—in fact, did not know of the

existence of the building contract between Kappels and Lengacher. The Court determined that Lengacher had the legal obligation to repair the fire damage and that plaintiff insurance company was primarily liable for the loss which Lengacher sustained. We think the District Court was correct and so hold.

The Kappels did not sustain any loss and never made a claim against Northwestern. Lengacher is the only person who did sustain a loss by reason of the fire. He had the right to rely solely upon the policy which he had purchased from the plaintiff.

■ Plaintiff also urges that in any event it is liable only to the extent of $1,000.00 to $1,500.00. Plaintiff argues that prior to the fire, Lengacher had been paid more than $9,000.00 and that there was a balance due on the building contract of from $1,000.00 to $1,500.00; that plaintiff was liable, in any event, only for the interest which Lengacher had in the dwelling house at the time of the fire.

We think this point is without merit. It was Lengacher's obligation to turn over to the Kappels, a completed dwelling house. He could not do so without repairing the fire damage. In making such repairs, he was required to and did expend $6,325.89. He was damaged to that extent.

In our view, it was the understanding between plaintiff and Lengacher that the cost of replacement or repair might be the measure of the loss. Plaintiff's policy provided that it insured Lengacher " * * * to the extent of the actual cash value of the property at the time of loss, but not exceeding the amount which it would cost to replace or repair the property with material of like kind and quality, within a reasonable time after such loss, * * * nor in any event for more than the interest of the insured * * *."

■ Plaintiff seeks to escape liability on its policy on the ground that Lengacher failed to file a formal proof of

854

loss. The policy contained the usual provision that proof must be filed within sixty days of the loss. The trial court found that the plaintiff waived the requirement that a sworn proof of loss be filed by denying liability within the time allotted for the presentment of the proof of loss.

It is the rule in Indiana that a denial of liability by an insurance company within the time fixed for filing proofs of loss, is a waiver of such company's right to such proof. Ohio Farmers' Insurance Company v. Vogel, 166 Ind. 239, 76 N.E. 977, 3 L.R.A.,N.S., 966; Springfield Fire & Marine Insurance Company v. Fields, 185 Ind. 230, 113 N.E. 756. In Aetna Insurance Company v. Indiana National Life Ins. Co., 191 Ind. 554, 561, 133 N.E. 4, 6, 22 A.L.R. 402, the court said: "But the law never requires a useless act to be done. And the rule of law is firmly established that were an insurance company, after a fire loss has occurred and before the expiration of the time for making proofs of loss, absolutely and unequivocally denies all liability on account of the loss, it thereby waives the performance of stipulations in the policy requiring proofs of loss to be furnished by the insured." (Citing cases.)

■ It is also the rule in Indiana that where an insurance company denies liability on the ground that provisions of its policy have been violated by the assured, it must within a reasonable time after the discovery of such policy violations, return or offer to return the premium. Aetna Insurance Company of Hartford, Conn. v. Robinson, 213 Ind. 44, 53, 54, 10 N.E.2d 601, 604, 605. It is admitted that in the case at bar plaintiff at no time returned or offered to return the premium which Lengacher had paid.

■ Plaintiff contends that in any event is should not be required to stand more than a pro rata share of the loss. It is, of course, the rule that where more than one policy of insurance covers a certain risk, the insurance companies shall contribute a proportionate part of the loss. However, in the case at bar,

the two insurance companies insured separate and distinct interests in the same property and plaintiff is not entitled to have the loss prorated.

Plaintiff makes certain further objections to the trial court's findings of fact and conclusions of law. We have considered plaintiff's arguments and conclude that they are without merit.

Judgment affirmed.