**ATLANTIC INSURANCE COMPANY,**
Appellant,

v.

**Bill H. MASSEY and Phyllis M. Massey and Fireman's Fund Insurance Company, Appellees.**

**No. 9043.**

United States Court of Appeals
Tenth Circuit.

May 19, 1967.

Rehearing Denied June 20, 1967.

---

Richard D. Wagner, Tulsa, Okl., (Alfred B. Knight, Tulsa, Okl., on the brief) for appellant.

Joseph A. Sharp, of Best, Sharp, Thomas & Glass, Tulsa, Okl., for appellee, Fireman's Fund Insurance Company, (John A. Cochran, Tulsa, Okl., for appellees Bill H. Massey and Phyllis Massey, on the brief).

Before BREITENSTEIN and HILL, Circuit Judges, and BROWN, District Judge.

HILL, Circuit Judge.

The appeal is from an order granting a summary judgment in favor of appellees, plaintiffs in the trial court, against appellant-defendant.

Appellees Masseys, in 1964, entered into a contract with John Weible and Ira Crews, d/b/a Cimarron Company, whereby Weible and Crews were to construct a home for the Masseys. The contract price was $26,000.00. Weible and Crews had a builder's risk insurance policy issued by appellee Fireman's Fund Insurance Company which insured the Massey home while it was under construction. The builder's risk policy provided that "where any other valid and collectible insurance exists at the time of loss or damage * * * this insurance shall not apply or contribute to the payment of any loss until the amount due from all such other insurance shall have been exhausted."

In early October, 1964, the home was not completed but Masseys wanted to move in. Mr. Massey, on October 14 or 15, contacted an agent of appellant, Atlantic Insurance Company, and told him he wanted to insure the house for $25,-000.00. The agent told Massey he had the insurance and, on October 16, Atlantic issued the policy. On October 17, the Masseys, with the builder's permission, moved into the house. On October 20, an explosion and fire caused substantial damage and exposed the house to the elements, threatening further damage. Atlantic refused to pay any amounts under its policy. Eventually, Fireman's paid Crews and Weible $14,222.78, which amount was applied to the contract price due from Masseys, who purchased the remaining structure from the contractors and then rebuilt the house.

Fireman's contended in its amended complaint that in consideration of the $14,222.78 paid by it under the Builder's Risk Policy, Masseys had assigned to it any rights they might have against Atlantic "by reason of [Atlantic's] failure to comply with the agreement [the homeowner's policy]" and prayed judgment in that amount. Masseys, who had done some work on the house themselves, contended they had suffered an additional loss of $1,250.00 and separately prayed judgment in that amount.

The District Court found that Masseys had, in consideration of Fireman's Fund paying Crews and Weible $14,222.78 on the purchase price of the house, validly assigned a chose in action—the right to collect on the Atlantic homeowner's policy; that the Atlantic homeowner's policy was a valid and binding contract and was in effect on the day of the loss; that Masseys did have an insurable interest in the property; that Fireman's policy was, by its terms, excess insurance, and that Fireman's was not liable thereunder. The court also ruled that Masseys were separately entitled to $1,182.50, to compensate an additional loss for which they had not been compensated.

Appellant contends: That, as a matter of law, the insurable interest of a builder and the owner are separate and distinct; that it had no legal duty, under the facts presented, to reimburse Fire-

man's; that if an assignment from Masseys to Fireman's did take place, such assigned right could not exceed the Masseys' insurable interest; and that the granting of the summary judgment was error because a genuine issue as to the facts existed concerning the alleged assignment. We are compelled to agree generally with appellant.

■ At the outset, under the record, the factual situation was not appropriate for resort to summary judgment. There was a genuine issue of fact concerning the alleged oral assignment from Masseys to Fireman's. Atlantic did not admit the facts of the assignment and, immediately prior to the granting of the summary judgment, clearly stated to the court its contention that summary judgment was not appropriate. However, in view of our disposition of the case upon its merits, the propriety of the use of summary judgment is of little importance.

■ We are convinced, upon the admitted facts and applicable law, that appellees cannot prevail upon the merits. The Masseys and the contractors each had an insurable interest in the property damaged by the explosion and fire and each had an insurance policy covering such insurable interest. Their policies could not, obviously, cover more than their respective insurable interests.[1] In the agreement between the contractors and Masseys, it is specifically provided that title to the house shall remain in the contractors until it is completed. Appellees argue that the house was completed, but we certainly do not agree. Its policy of insurance provided coverage until the house was completed and it voluntarily and without any reservation of rights agreement with its insured paid the loss. In addition, the uncontradicted testimony of Mr. Massey shows the building was not completed, that he had not accepted the house from the contractors, that he moved into the house only with

the permission of the contractors and on condition that they would complete the job and that the contractors had not been paid nor had the closing papers been executed at the date of the explosion and fire. There is no evidence in the record to support appellees' contention. We are thus forced to reach the inescapable conclusion that the contractors' insurable interest in the house at the time of the loss was the value of the labor and materials they had put into it.[2] That interest suffered a loss of $14,222.78. Masseys' interest was the amount they had put into the house during the process of construction, over and above the expenditures of the contractor. That interest suffered a loss of $1,182.05.

■■ Atlantic issued a binding contract of insurance to Masseys which covered their insurable interest and the trial court rendered judgment in favor of Masseys and against Atlantic for the amount of loss to that interest. We think this part of the judgment was proper and apparently no one is here contesting it. Fireman's was bound by an insurance contract with the contractors to the extent of their insurable interest in the property and paid to the contractors the amount of damages suffered to their insurable interest. It is admitted that no right of subrogation or indemnity existed as between Fireman's and the Masseys. The "excess coverage" clause of Fireman's policy cannot apply because the two policies did not cover the same insurable interest and were issued to different insureds.[3] Appellees then seek to ground their case against Atlantic on an alleged oral assignment from Masseys to Fireman's of Masseys' legal rights against Atlantic. We have pointed out that there is no evidence in this record to sustain a finding on this point under a motion for summary judgment. Even if such a finding could be upheld, it would not sustain the judgment rendered in favor of Fireman's. Masseys had no

1. See Lititz Mutual Insurance Co. v. Lengacher, 7 Cir., 248 F.2d 850.

2. Couch on Insurance 2d § 24:29.

3. Cf. Lititz Mutual Insurance Co. v. Lengacher, supra.

legal rights against Atlantic beyond the amount of loss to their insurable interest, which is now fully satisfied by a part of the judgment, and Masseys had nothing more to assign.

That part of the judgment in favor of appellees Masseys and against Atlantic is affirmed. The judgment in favor of Fireman's and against Atlantic is reversed and the case is remanded with directions to enter a judgment in favor of Atlantic and against Fireman's.