**MFA MUTUAL INSURANCE COMPANY,**
a corporation, Plaintiff-Respondent,

v.

**FARMERS AND MERCHANTS INSUR-
ANCE COMPANY, a corporation; Hubert
Freise and Sons, a corporation; Virgil R.
Creech and Marcella R. Creech, Defend-
ants,**

**Farmers and Merchants Insurance Company,
a corporation, Defendant-Appellant.**

**No. 33208.**

St. Louis Court of Appeals.

Missouri.

June 13, 1969.

Willson, Cunningham & McClellan, St. Louis, for defendant-appellant.

Niedner, Niedner & Moerschel, Robert V. Niedner, St. Charles, Adolph K. Schwartz, St. Louis, for plaintiff-respondent.

WOLFE, Presiding Judge.

This is an action wherein MFA Mutual Insurance Company seeks a judgment for one-half of a $15,000 claim that it paid to its insured on a "builder's risk" policy. Its insured was a building contractor. The policy was issued for a term of one year. The building covered by it was destroyed by fire shortly before it was completed. The owner of the land for whom the building was being built had purchased a "home owner's policy" for a three year term from Farmers & Merchants Insurance Company, the defendant. The trial court held that both insurers were equally liable for the loss and awarded a judgment in favor of the plaintiff, MFA Mutual Insurance Co., in the sum of $7,500. The defendant prosecutes this appeal.

The case was submitted to the trial court on an agreed statement of facts. The per-

tinent parts of the facts so submitted are as follows: Virgil Creech and his wife owned property near Troy, Missouri, and on August 2, 1965, entered into a written contract with Hubert Freise and Sons, Inc., to construct a dwelling house on the property in accordance with plans and specifications, for a total sum of $14,950. A copy of the contract was entered as an exhibit and made a part of the agreed facts. Creech and his wife obtained the home owner's policy of insurance from the defendant, Farmers & Merchants Insurance Company on April 6, 1966, insuring them in the sum of $15,000.

In March of 1966, Freise commenced construction of the house pursuant to the contract and on April 10, 1966, procured the "builder's risk" policy of fire insurance from the plaintiff, MFA Mutual Insurance Company, in the sum of $15,000. This policy was entered as an exhibit and made a part of the agreed facts.

The dwelling house was nearing completion, but had not yet been completed, when on June 15, 1966, it was totally destroyed by fire of unknown origin. The Creeches had not moved into the house but they were keeping garden tools in the basement. They had paid the building contracting company $7,000 before the fire and following the fire they paid the balance of $7,950 due under the terms of the construction contract, and demanded that the contractor rebuild the house. The contractor then re-constructed the house in accordance with its contract and made demand on the plaintiff, MFA Mutual Insurance Company, for the payment of the sum of $15,000 under the "builder's risk" policy which it had issued to Hubert Freise and Sons, Inc. Pursuant to the demand, plaintiff entered into a written agreement with its insured which was designated as a "loan agreement" and paid the builder $15,000. This "loan agreement" is also an exhibit which is part of the agreed facts.

The Creeches gave notice of the loss to the defendant, Farmers & Merchants Insurance Company, following the fire, but they made no demand on Farmers & Merchants Insurance Company and are not demanding anything from Farmers & Merchants Insurance Company.

Both of the insurance policies have the following clause:

"This Company shall not be liable for a greater proportion of any loss than the amount hereby insured shall bear to the whole insurance covering the property against the peril involved, whether collectible or not."

Neither the Creeches nor Hubert Freise and Sons, Inc. have any interest in the outcome of this action.

The plaintiff respondent asserts that it is not barred from recovery by reason of its payment of $15,000 to its insured under the "loan agreement." This agreement provided that the "loan" would be repaid only to the extent of plaintiff's recovery from the Farmers & Merchants Insurance Company. Such agreements are made in order to pay the insured the full amount due while preserving a right to recover from another who may be liable in whole or in part for the loss. They are an approved device and no point is raised to the contrary. Kossmehl v. Millers Nat. Ins. Co., Chicago, Ill., 238 Mo.App. 671, 185 S.W.2d 293.

It is contended by appellant that the court erroneously awarded the judgment against it for one-half of the loss to MFA Mutual Insurance Company, which insured the builder's risk, for the reason that the contractor under the building contract was obliged to deliver to the property owners a completed house so that the risk of a loss such as occurred here was upon the contractor and its insurer.

■ The builder's contract in evidence is a simple one wherein the builder agreed to build a house for a certain sum according to the plans and specifications. It has long been the law in Missouri that if a

party under a contract charges himself with an obligation possible of performance to be performed, he must make good unless his performance is rendered impossible by "an act of God," the law, or the other party. Ward v. Haren, 139 Mo.App. 8, 119 S.W. 446, l.c. 448; Ellis Gray Milling Co. v. Sheppard, 359 Mo. 505, 222 S.W.2d 742, 743; Stein v. Bruce, Mo.App., 366 S.W.2d 732, l.c. 734. Quite in point is Haynes, Spencer & Co. v. The Second Baptist Church, 12 Mo.App. 536, 88 Mo.Reports 285, l.c. 289–290, wherein it is stated:

> "3. Where a contractor undertakes to build a house upon the land of another, and the house before its completion is destroyed by fire without his fault, he is not thereby relieved from his obligation to fulfill the contract. The duty in such a case is to be distinguished from one imposed by law. The obligation to build is founded upon, and is his own voluntary contract, and its non-performance is not excused by inevitable accident. * * *"

It is uniformly so held and in the instant case it is fortified by the fact that parties to the contract so construed it.

■ It is evident that the Creeches, the owners of the property, had no cause of action against their insurers, Farmers & Merchants Insurance Company, for the builder was required to and did rebuild the house. They suffered no loss and consequently there is nothing for which they can claim indemnity from their insurer. Schultz, for Use of Whitlock v. Home Ins. Co. of N. Y., 205 Ill.App. 297; Glens Falls Insurance Company v. Sterling, 219 Md. 217, 148 A.2d 453; Beman v. Springfield Fire & Marine Ins. Co., 303 Ill.App. 554, 25 N.W.2d 603.

■ It is equally evident that the builder had no cause of action against the property owners who had paid him in full for a completed house, and it appears to logically follow that the builder had no right of action against the insurer of the property owners.

Both appellant and respondent concede that the facts before us present a case of first impression in Missouri. However, similar factual situations have been passed upon in other jurisdictions and we are cited by appellant to the following cases which hold that contribution between insurers cannot be applied in such cases because policies were issued to different insureds and did not cover the same insurable interest. Garman et al. v. Hoover et ux., 95 Pa.Super. 203; Newark Fire Ins. Co. v. Turk, 3 Cir., 6 F.2d 533, 43 A.L.R. 496; Atlantic Insurance Company v. Massey, 10 Cir., 381 F.2d 520; Lititz Mutual Insurance Co. v. Lengacher, 7 Cir., 248 F.2d 850.

Learned counsel for the respondent cites us to cases in support of the judgment that he considers persuasive by analogy. One is Cox v. Home Ins. Co. of New York, 331 Mo. 10, 52 S.W.2d 872. That case is an action by the insured against the insurer for a windstorm loss. The insurer defended on the theory that the insured had another policy of insurance. It asserted that it was liable under the terms of the policy for only its pro rata share of the loss. The case determined that the insured had no other insurance at the time of the loss. The dicta therein merely holds that if the insured had another policy at the time of the loss it would have been proper to pro rate the liability between the two companies. This is an established rule which is not questioned herein.

Carr v. Hibernia Insurance Company of Ohio, 2 Mo.App. 466, also cited, likewise deals with the named insured having two policies on the same risk. Another case relied on by the plaintiff is Standard Leather Co. v. Mercantile Town Mut. Ins. Co., 131 Mo.App. 701, 111 S.W. 631, l.c. 635. That case may be best summarized by quotation from it. Therein the court said:

> "* * * The essential question in cases of this character is what is the purpose of the stipulation that the interest of the

insured is sole and unconditional owner-ship, or similar expressions. * * *"

We find no analogy in it to support the judgment here under consideration. We are further cited to Tinsley v. Aetna Ins. Co. of Hartford, Conn., 199 Mo.App. 693, 205 S.W. 78; Godwin v. Iowa State Ins. Co. of Keokuk, Iowa, Mo.App., 27 S.W.2d 464; and Gabriel v. Farmers Mut. Fire Ins. Co., Mo.App., 108 S.W.2d 628; King v. Phoenix Ins. Co., 195 Mo. 290, 92 S.W. 892. We have studied these cases and find that like the others heretofore mentioned they are not factually similar to the case before us.

■ The "builder's risk" which the respondent insurer covered was, as the words imply, insurance for the builder against hazards that would cause him loss under his contract to deliver a completed house which he was obliged to build. The appellant insurer's policy was a "home owner's" policy for a three year term covering loss or damage to a dwelling house, furniture, and other types of coverage. These were policies insuring different interests. Appleman, Insurance Law and Practice, Vol. 6, § 3903, states:

"In order to constitute double insurance which will give one insurer the right to contribution, the policies must cover the same subject or property. * * * The insurance must also have been on the same interest, before contribution can be enforced between different policies."

Couch on Insurance 2d, § 62:166, states:

"There can be no contribution between fire insurers unless insurance was concurrent, that is, where the policies are on the same property or part thereof, on the same interest in the property, against the same risks, and in favor of the same party."

The same rule is followed in Newark Fire Insurance Co. v. Turk, 3 Cir., 6 F.2d 533, supra, l.c. 535; and National Surety Co. v. Massachusetts Bonding & Ins. Co., 2 Cir., 19 F.2d 448, l.c. 453.

We conclude that since separate interests and separate parties were insured by the two companies, contribution cannot be enforced by MFA against Farmers & Merchants Insurance Company and the judgment is reversed.

BRADY and DOWD, JJ., concur.