**M. F. A. MUTUAL INSURANCE COMPANY, a Corporation, Appellant,**

v.

**GULF INSURANCE COMPANY, a Corporation, and Mike Maksin and Lela J. Maksin, Respondents,**

**Earl M. Parker, Appellant, Respondent.**

No. 53768.

Supreme Court of Missouri, Division No. 2.

Oct. 28, 1969.

Adolph K. Schwartz, St. Louis, for M. F. A. Mutual Insurance Company, appellant (plaintiff).

Willson, Cunningham & McClellan, J. H. Cunningham, Jr., St. Louis, for respondent, Gulf Insurance Company.

Thurman, Nixon, Smith & Howald, Louis Jerry Weber, Hillsboro, for defendant-appellant.

STOCKARD, Commissioner.

Mike and Lela Maksin (hereafter referred to as "owners") entered into a contract with Earl M. Parker (hereafter referred to as "contractor") for the construction of a house on land owned by them for a total price of $28,000, with additional payments for extras ordered by owners. Payments by owners to the contractor were to be made in the amounts and at the times provided for in the contract as the construction work progressed. After owners had paid $17,125 (which included $265 for extras), and after the contractor had expended $21,781.77,[1] the partially constructed building was totally destroyed by fire on January 4, 1967.

On November 4, 1966, Gulf Insurance Company (hereinafter referred to as "Gulf") issued to owners its "builders' risk" policy on the building insuring them against the risk of fire in the "provisional amount" of $30,000, but providing that on "any day" the policy was in force the "actual amount of insurance" was "that proportion of the provisional amount that the actual value of the described property on that date bears to the value on the date of completion," but not in excess of the provisional amount. This policy also contained the provision that Gulf "shall not be liable for a greater proportion of any loss than the amount hereby insured shall bear to the whole insurance covering the property against the peril involved, whether collectible or not."

On November 6, 1966, M. F. A. Insurance Company (hereafter referred to as "MFA") issued its standard insurance policy on the building in the amount of $18,000 to the contractor insuring him against the risk of fire. It also contained the identical provision in the Gulf policy quoted above pertaining to the prorata of liability.

After the fire MFA paid to its insured, the contractor, $18,000 under what it called

a loan agreement. See Kossmehl v. Millers Nat. Ins. Co., 238 Mo.App. 671, 185 S.W.2d 293. The contractor spent the $18,000 but has refused to rebuild the house.

MFA filed suit against Gulf, the contractor, and owners in which it requested a declaratory judgment that Gulf pay it the sum of $18,000, or in the alternative, that Gulf pay its "prorata portion of the amount of said fire loss damage." Owners filed a cross-claim against the contractor for damages for breach of contract and asked for a lien on the insurance money collected by the contractor. Subsequent to trial, and while the case was under consideration by the court, owners filed a supplemental cross-claim against Gulf for the amount paid by them to the contractor and the expense of removing the debris following the fire. Gulf admitted the allegations of owners in their cross-claim, and also filed a cross-claim against the contractor praying to be subrogated to the rights of owners against the contractor and for judgment against the contractor in an amount equal to the sum claimed to be due owners.

By its judgment the trial court held (1) that MFA was not entitled to recover any amount from Gulf because the policies of insurance were issued to different parties and insured different interests; (2) that owners have judgment against Gulf in the amount of $17,625, the amount of their loss consisting of the amount paid by them to the contractor and the cost of removing the debris; and (3) that Gulf be subrogated to the claim of owners against the contractor and that it have judgment against the contractor in the amount of $17,625. MFA and the contractor have appealed.

MFA asserts that the trial court erred in denying it any relief against Gulf because (1) there was "no provision in the builder's contract which placed the risk of loss by fire upon him or required him to rebuild in the event of fire," and (2) the pol-

1. We use the figures set forth in the opinion of the trial court upon which its judgment was based, and which are not challenged on this appeal.

icy of Gulf was "a builder's risk policy and specifically insured against loss during construction, and was prior in point of time" to MFA's policy.

The substance of the contention of MFA, as we understand it, is that the contractor was not required to rebuild in the event of loss by fire, and therefore the contractor sustained no loss insured by MFA, or the greatest insured loss sustained was the difference between what owners had paid and what the contractor had expended on the building prior to the fire, and that in any event Gulf should pay all or part of the loss.

MFA relies primarily on Richardson v. Shaw, 1 Mo.App. 234. In that case the contractor agreed to construct a building, and the owner agreed to pay in installments as the work progressed. Before completion the building was destroyed by storm. The parties then entered into another agreement for the carpentry work upon another building to be erected in place of the first, and the new contract provided that the first contract was "set aside and no longer binding on either of the parties" and that a payment of $1,000 previously made would "apply on [the second] contract." The contractor later brought suit to recover for work and materials furnished on the first building up to the time of its demolition. It was held that under the circumstances "the [contractor's] claim upon a *quantum meruit* appears to have been left open, and in the course of the opinion it was said:

"If the defendant [owner] had insisted on the completion of the building as contracted for, notwithstanding its destructive prostration, he might have had his remedy upon the [contractor's] refusal to rebuild. But, instead of that, the parties abandoned the contract by mutual consent. So that nothing is left for inquiry but the measure of compensation, if any, which [contractor] may claim for the work and materials done and furnished."

Although there is language in Richardson v. Shaw which supports MFA's contention, there was in fact no issue of the legal duty of the contractor to rebuild. We do not consider that case to be controlling, and insofar as it may be construed to hold that under the factual circumstances of this case the risk of loss by fire was not on the contractor, it is contrary to the weight of authority and contrary to what we consider to be the better reasoned cases.

The contract in this case was prepared by the contractor and was brief and simply stated. In substance, the contractor was to furnish all material and labor and construct a house on the owners' land for a specifically stated price. It is clear that the intention of the parties was that the obligation of the contractor was to construct a complete house; not portions thereof as separate and distinguishable items. This was true even though the owners agreed to make partial payments as the work progressed. The general rule is well stated in "Illustration No. 4 to § 266(3) of Restatement of Contracts as follows:

"A engages B, a contractor, to build a house. A promises to pay instalments amounting to three-quarters of the agreed price as the building reaches specified stages of construction; and to pay the remaining quarter on receiving an architect's certificate of satisfactory completion. The contract is not divisible. The payments are not in exchange for a specified fraction of the building, but are part payments on account of a total sum. The only promises for an agreed exchange are the promises to build the completed house and to pay the total price."

See also Williston on Contracts, 1938 Rev. § 1460 A; Peist v. Richmond, 97 Vt. 97, 122 A. 420; Garman Bros. v. Hoover, 95 Pa.Super. 203; Annotation: 22 A.L.R.2d 1343. In this situation, the contractor bears the risk of loss in the event of destruction by fire before completion. King

v. Phoenix Ins. Co. of Brooklyn, N.Y., 195 Mo. 290, 311, 92 S.W. 892, 113 Am.St.Rep. 678, 6 Ann.Cas. 618; Haynes, Spencer & Co. v. Second Baptist Church, 88 Mo. 285, 57 Am.Rep. 413; Commercial Fire Ins. Co. v. Capital City Ins. Co., 81 Ala. 320, 8 So. 222; National Fire Ins. Co. of Hartford Conn. v. Kinney, 224 Ala. 586, 141 So. 350; Lititz Mutual Insurance Co. v. Lengacher, 7 Cir., 248 F.2d 850; Milske v. Steiner Mantel Co., 103 Md. 235, 63 A. 471, 5 L.R. A.,N.S., 1105, 115 Am.St.Rep. 354; Superintendent and Trustees of Public Schools of City of Trenton v. Bennett, 27 N.J.L. 513, 72 Am.Dec. 373. This risk of loss unquestionably established an insurable interest in the contractor. King v. Phoenix Ins. Co., supra; Reishus v. Implement Dealers Mutual Insurance Co., N.D., 118 N.W.2d 673. In this case, because of the duty under the contract to rebuild, the insurable interest exceeded the face amount of the contractor's policy with MFA, and MFA was obligated to pay its insured, the contractor, the full amount of the policy.

■ MFA admits that owners had an insurable interest, and that is the general rule and we agree. 43 Am.Jur.2d Insurance § 470; Annotation: 94 A.L.R.2d § 8 [a] at p. 237; Sammons & Bishop v. American Fire Ins. Co., 94 S.C. 366, 77 S. E. 1108. The insurable interest would include at least what owners paid to the contractors and lost because the building burned and was not rebuilt.

■■ MFA contends that by reason of the prorata clauses in its policy and that of Gulf, it is entitled to have Gulf pay a portion of the amount due under its policy to its insured. We have some difficulty in understanding the precise theory on which it claims that the prorata provision in the insurance contract between it and the contractor would impose a liability on Gulf, or how the corresponding provision in the Gulf policy would inure to the benefit of one not a party and not designated as a third party beneficiary thereto. Apparently MFA relies on the theory of apportion-

ment, which generally stated, is that where several insurance policies exist on the same property and they amount in the aggregate to more than its value, the total recovery by the owner is restricted to the actual loss since the contract is one of indemnity only. In such event the insurer from which the amount of the total loss is recovered may demand contribution from the other insurers. 44 Am.Jur.2d Insurance § 1807. When policies contain a prorata clause, as they do in this case, for that clause to operate in the insurer's favor, "there must, under the policies, be both an identity of the insured interest and an identity of risk." 44 Am.Jur.2d Insurance § 1808; MFA Mutual Ins. Co. v. Farmers & Merchants Ins. Co., Mo.App., 443 S.W.2d 220; Couch on Insurance 2d § 62:166. From the facts previously set forth it is obvious that in this case the risks and the interests which were insured are not identical, and this has been the ruling of the courts where the present factual situation has been presented. See the recent case of MFA Mutual Ins. Co. v. Farmers & Merchants Ins. Co., supra; and National Fire Ins. Co. v. Kinney, 224 Ala. 586, 141 So. 350; Annotation: 94 A.L.R.2d at p. 263. We necessarily conclude that the trial court correctly held that MFA was not entitled to contribution from Gulf in discharging its liability under its policy to its insured, the contractor.

■ MFA also asserts that the trial court erred in refusing to permit it, after trial, to amend its petition to insert "a prayer for relief directly against its own insured [the contractor] in the event that the court should hold that payment by [MFA] to him under the loan agreement was not required under its policy." We have held that payment by MFA to the contractor under the policy was required, so no prejudice resulted to MFA even if the amendment should have been permitted.

We turn now to the appeal by the contractor. We note first as a factual matter, that the contractor expended $21,781.77 for material and labor, that he has been paid

**834**

by the owners a total of $17,125, and he also has received from MFA the sum of $18,000, but that after the building was destroyed he refused to rebuild it. He contends, citing Richardson v. Shaw, 1 Mo. App. 234, that the building contract was one payable in installments and that after the fire he was entitled to retain the payments received from the owners without rebuilding. We disagree for the reasons previously set out in ruling on a similar contention by MFA.

■ The contractor next contends that the trial court erred in permitting "Gulf to file its cross-claim against [him] and erred in rendering judgment in favor of Gulf thereon because said cross-claim was filed after trial, thereby preventing [him] from defending against it." Certain factual matters pertaining to the pleadings are necessary.

Prior to trial, owners filed a cross-claim against the contractor based on breach of contract in failing to rebuild. The contractor moved to dismiss this cross-claim but was overruled. Subsequent to trial, but while the case was under submission, owners filed a cross-claim against Gulf, and Gulf filed a cross-claim against the contractor. Gulf admitted the facts alleged in the cross-claim of owners and in effect confessed the claim. The contractor's motion to dismiss Gulf's cross-claim was overruled. The record does not show the filing of an answer to Gulf's cross-claim by the contractor, but on the same day the cross-claim was filed judgment was entered in favor of Gulf and against the contractor on the basis that Gulf was entitled to be subrogated to the rights of owners against the contractor. No judg-

ment or other disposition was made, except possibly by implication, of owners' cross-claim against the contractor.

The rule of liberality in permitting amendments, even after trial or after judgment, to have the pleadings conform to the proof of issues tried by consent as authorized by Civil Rule 55.54, V.A.M.R., does not authorize the entry of the judgment in favor of Gulf and against the contractor under the circumstances of this case. We do not see how it can be said that this issue was tried by consent, and whether the contractor had a defense to the cross-claim cannot be determined prior to his opportunity to answer.

The judgment of the trial court is affirmed in all respects except as to the entry of the judgment against the contractor on Gulf's cross-claim, and the case is remanded for further proceedings consistent with the views expressed herein pertaining to the cross-claims of owners and Gulf against the contractor.

It is so ordered.

BARRETT and PRITCHARD, CC., concur.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

MORGAN and FINCH, JJ., and POWELL, Special Judge, concur.

DONNELLY, P. J., not sitting.