CHEROKEE INSURANCE COMPANY,
Plaintiff-Appellant,

v.

UNITED STATES FIRE INSURANCE
COMPANY et al.,
Defendants-Appellees.

Court of Appeals of Tennessee,
Middle Section.

July 1, 1977.

Certiorari Denied by Supreme Court
Dec. 5, 1977.

Levine & Rosenblum, Stewart, Estes & Donnell, Nashville, for plaintiff-appellant.

Douglas M. Fisher, of Howell & Fisher, Vaden Lackey, Jr., of Denney, Lackey & Chernau, Nashville, Earl Thompson, Nashville, for defendants-appellees.

TODD, Judge.

## ABRIDGED OPINION

This is a declaratory judgment suit to determine insurance liability for destruction of a building by fire. From an unsatisfactory result before the Chancellor, the plaintiff, Cherokee Insurance Company, has appealed.

Plaintiff assumed liability upon a policy of builder's risk insurance issued by another insurer to defendant, Randall Phillips Builders, Inc., covering an extensive complex of condominium apartment buildings. There was no fixed inception or termination date of insurance under the policy, for it encompassed many buildings or units which were added to the policy when construction was begun and removed from the policy when construction was completed and title transferred to the permanent owners.

Insurance protection for the permanent owners was provided by a policy issued by defendant, United States Fire Insurance Company to Hickory Valley Condominium Phase II, which was the owner's association which managed the section of the complex known as Phase II on behalf of the condominium owners in that phase of the complex. The inception date of insurance under this policy was not fixed because buildings or sections of the complex were added to the policy as finished and title conveyed to purchasers who were members of the insured association.

On October 12, 1974, fire destroyed Building 13 of the complex. It is conceded that plaintiff is fully liable to the owner-insured for the loss unless plaintiff's policy had terminated by its terms or the liability should be shared with United States Fire Insurance Company.

Plaintiff's suit, filed against Randall Phillips Builders, Inc., United States Fire Insurance Company and other parties not material to this appeal, asked for a declaration that plaintiff be exonerated of liability because its coverage of the building had terminated by the completion of the building prior to its destruction or that United States Fire Insurance Company be required to bear a proportionate share of the loss.

Randall Phillips filed an answer and counterclaim seeking judgment against plaintiff and U. S. Fire for the loss.

U. S. Fire filed an answer and motion for judgment on the pleadings, which motion was sustained. U. S. Fire was dismissed and took no further part in the proceedings until this appeal in which U. S. Fire was named as appellee in the appeal bond and filed a responsive brief.

Randall Phillips filed a motion for judgment on the pleadings, which motion was overruled and the cause was heard upon its merits resulting in judgment in favor of Randall Phillips and against plaintiff, cross-defendant, from which judgment plaintiff-cross defendant has appealed.

Appellant does not assign as error the dismissal of U. S. Fire Insurance Company.

The first assignment is based upon the provisions of both policies excluding coverage in event of "other insurance," resulting in mutually repugnant exclusions and shared liability. *State Farm Mutual Insurance Company v. Taylor,* Tenn.1974, 511 S.W.2d 464; *United Services Automobile Association v. Hartford Accident and Indemnity Co.,* 220 Tenn. 120, 414 S.W.2d 836 (1967).

The Cherokee policy was issued to Randall Phillips, the owner of the building at the time of its destruction. That the building was duly added to the policy and proper premium therefor paid by Randall Phillips is not controverted.

The U. S. Fire policy was issued to Hickory Valley Condominium Phase II, the association of owners of condominium apartments. Neither the association nor any of its members is shown to have owned any interest in the building in question, and there is no evidence that said building had been added to the U. S. Fire policy or premium paid therefor at the time of the destruction by fire. Thus, there is no evidence of dual coverage.

■ Even if dual coverage should exist (which is not shown by the evidence) proration is not ordinarily allowed where the policies are issued to different insureds to cover differing interests. *Atlantic Ins. Co. v. Massey,* 381 F.2d 520 (1957); *MFA Ins. Co. v. Gulf Ins. Co.,* Mo.1969, 445 S.W.2d 829.

The other contention of Cherokee is that it is not liable because, as to the destroyed building, the Cherokee policy had terminated by its own terms.

■ The terms of the Cherokee policy on this subject are as follows:

"Coverage shall cease when the interest of the assured ceases or when the property has been accepted by the owner, when the property has been occupied, or when this policy has expired or been cancelled, whichever shall first occur."

There is no evidence that the interest of the assured had ceased, or that the property had been accepted by the owner (the constructor and owner were one and the same) or that the property had been occupied or that the policy had expired or had been cancelled. There is, therefore, no basis for excusing Cherokee from liability because of termination of coverage under the terms of the policy.

Cherokee contends that the building had been substantially completed and that this fact (if true) in some manner served to terminate the builder's risk coverage which was issued for protection during the period of construction.

At the time of the fire, all details of the building had been completed which were scheduled for completion before sale of the various condominium apartments therein. The installation of carpet, wallpaper and other decorative items was delayed so that the purchaser might make selection of same. None of the carpet or wallpaper had been installed in the subject building because no part of the building had been sold.

One of the employees of Randall Phillips testified that he considered the building "completed." However, this meant "completed" for the purpose of offering for sale and not "completed" in the sense that no more work was to be done on the building by Randall Phillips.

■ The issue of completion or substantial completion is immaterial under the terms of the contract as previously quoted.

**340**

Even if material, the issue was decided by the Chancellor adversely to appellant and the evidence does not preponderate otherwise. T.C.A. § 27–303.

Appellant complains of the Chancellor's view that the insurance coverage by Cherokee upon the subject building did not terminate until the completion of *all* buildings covered by the policy. Even if said view should be incorrect, the result of the present appeal would not be affected; for the decision of this Court is based upon the grounds stated herein and not upon any theory requiring extension of insurance on all buildings in the complex until the last of the buildings should be complete.

■ Where a correct result is reached by the Trial Judge, his judgment may not be reversed simply because it may have been predicated upon an erroneous reason. *Delforge v. McMurtry,* Tenn.App.1972, 481 S.W.2d 396 and authorities cited therein.

■ Cherokee insists that the period of coverage of builder's risk insurance is determined by the purpose for which such insurance is generally obtained, that is, to protect the constructor during the period of construction. Absent any uncertainty or ambiguity in the policy, its terms determine the rights of the parties, generally industry practices in the trade or industry notwithstanding.

The decree of the Chancellor is affirmed. Costs of this appeal are taxed against appellant.

Affirmed.

SHRIVER, P. J., and DROWOTA, J., concur.