CONTINENTAL INSURANCE COMPANY, Appellant,

*v.*

INSURANCE COMPANY OF NORTH AMERICA, Appellee.

454 S.W.2d 709

(*Nashville,* December Term, 1969.)

Opinion filed April 20, 1970.

Petition for Rehearing Denied June 15, 1970.

WILLIS, KNIGHT, CHAMBERS & BARR, Nashville, for appellant.

TRABUE, MINICK, STURDIVANT & HARBISON, Nashville, for appellee.

Mr. Justice Creson delivered the opinion of the Court.

This appeal comes from the Chancery Court of Davidson County, Tennessee. That court sustained the demurrer of Insurance Company of North America and dismissed the original bill of Continental Insurance Company.

Hereinafter the parties will be referred to as they appeared in the trial court; that is, appellant, Continental Insurance Company, as complainant, and appellee, Insurance Company of North America, as defendant.

On July 1, 1969, complainant filed its original bill in the Chancery Court of Davidson County. This bill alleged that on April 23, 1966, complainant had in effect a

liability insurance policy covering R. A. Keenan Construction Company and persons using vehicles of that company, with Keenan's permission. The policy insured against liability for bodily injury and property damage resulting from the operation of such vehicles.

On the same date, defendant had in effect a liability insurance policy covering Volunteer Construction Company, and also covering any person using its vehicles with permission of Volunteer.

On April 23, 1966, a vehicle owned by R. A. Keenan Construction Company, complainant, was involved in an accident, in which the occupant of another vehicle, Elizabeth Evans, received bodily injuries. At the time of the accident, the vehicle was being operated by an employee of defendant's insured, Volunteer Construction Company, the vehicle having been previously "leased" to Volunteer by Keenan.

As a result of this accident, Elizabeth Evans filed an action against R. A. Keenan Construction Company, Volunteer Construction Company, and the driver of the vehicle. Mrs. Evans' husband filed a companion action alleging damages.

On May 16, 1969, both of these actions were compromised and settled by complainant. All defendants were released from liability in consideration of the payment of $7,500.00. Complainant made this settlement with the understanding that it reserved the right to claim contribution against defendant for a pro rata share of the settlement payment.

After this occurred, complainant made demand upon defendant for reimbursement of one-half of the settle-

ment payment. Defendant declined any payment on the ground that it considered complainant's insurance, covering the vehicle involved, as "primary".

As heretofore stated, defendant's demurrer was sustained and the original bill dismissed. Complainant then prayed and perfected an appeal to this Court.

Complainant's single assignment of error in this Court is as follows:

"The Trial Court erred in sustaining the Defendant's demurrer to the Complainant's original bill, and entering a final judgment in favor of the Defendant. (Tr. 16-18). This was error because the insurance policies set forth in the original bill, which were alleged to have been issued respectively by Complainant and Defendant, contain mutually repugnant 'other insurance' clauses. Since they are mutually repugnant, both of these clauses should have been disregarded in construing the policies, coverage under the policies should have been prorated, and the Complainant should be entitled to recover from the Defendant a proportional share of the funds it paid out under its policy, as prayed for in its original bill."

In determining liability between these two insurers for this loss, the pertinent provisions of both policies must be examined.

Complainant's policy, insuring R. A. Keenan Construction Company, provides coverage for liability sustained by the insured while driving either an owned or hired automobile. "Insured" is defined as the named insured and also any person using a vehicle with the insured's permission, if such person is "legally responsible for the

use thereof.'' Such coverage, however, purports to be limited by the following language:

"14. *Other insurance.* If the insured has other insurance against a loss covered by this policy the company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability stated in the declarations bears to the total applicable limit of liability of all valid and collectible insurance against such loss; provided, however, the insurance under this policy with respect to loss arising out of the maintenance or use of any hired automobile insured on a cost of hire basis or the use of any non-owned automobile shall be excess insurance over any other valid and collectible insurance.''

Defendant's policy, insuring Volunteer Construction Company, provides coverage for liability for bodily injury and property damage sustained by the insured arising from use of an owned or hired vehicle with Volunteer's permission. This coverage purports to be limited by the following provision:

"13. *Other Insurance.* If the insured has other insurance against a loss covered by this Policy, the Company shall not be liable under this Policy for a greater proportion of such loss than the applicable limit of liability stated in the Declarations bears to the total applicable limit of liability of all valid and collectible insurance against such loss; provided, however, the insurance under this Policy shall be excess insurance with respect to (1) loss arising out of the use of any non-owned or hired automobile and (2) loss against which the named insured has other insurance disclosed to the Company as in effect on the effective date of

this Policy and upon the basis of which the premium for the insurance under this Policy is modified, but in such event the insurance under this Policy shall apply only in the amount by which the applicable limit of liability stated in the Declarations exceeds the applicable limit of liability of such other insurance."

In the course of prior opinions on this general subject, we have examined all specific and general authority pertinent to solution.

Complainant relies primarily on the decision of this Court in *United Services Automobile Association v. Hartford Accident & Indemnity Company* (1967) 220 Tenn. 120, 414 S.W.2d 836. In that case, one Lt. Col. Helms had a policy covering his own automobile with United Services. He leased a truck which was insured by Hartford, and while driving the truck, was involved in an accident. Both companies declined liability, United Services claiming the "other insurance" provision in its policy made its liability secondary. Hartford claimed that under the "other insurance" provision of the policy covering the truck it was not liable for any amount since the driver had other insurance.

The United Services policy covering Lt. Col. Helms while driving another vehicle contained a clause that "the insurance with respect to a temporary substitute automobile or non-owned automobile shall be excess insurance over any other valid and collectible insurance."

The Hartford policy covering the truck contained a provision purporting to relieve it of all liability unless the loss exceeded the amount of other insurance. Both companies construed their respective policies not to be

other insurance, but both insisted the other did constitute "other insurance".

In this situation, the "other insurance" provisions of the policies were held to be repugnant to the general insurance provisions of the policies, with the result that both "other insurance" provisions were disregarded and the loss prorated between the two.

The repugnance of which we spoke at length in *United Services Automobile Association v. Hartford Accident & Indemnity Company,* supra, is that embodied within each of the policies there under consideration. Our reasoning then and now is that each of the policies is obviously written with full recognition of the existence of other applicable insurance. Each of the policies, by its own terms, requires critical examination to determine just what nature and character of insurance the other provides. This generates the circuity of reasoning which brings the so-called "other insurance" into conflict with the primary insuring clause or clauses of each of the policies.

It is insisted that in the instant case, as in *United Services,* each policy contains a repugnant "other insurance" clause, when both are considered together. It is further argued that both clauses should be declared void, and defendant required to contribute a pro rata share of the loss.

Defendant's position is that the insurance policies show on their face that there is neither a conflict nor repugnancy therein. It is insisted that defendant's coverage shall be excess with respect to non-owned vehicles, and that both policies provide for proration only in the event there is an overlapping "primary" coverage.

The alleged repugnancy is illustrated as follows:

If one starts with Continental's policy and attempts to determine if the INA policy constitutes other valid and collectible insurance, one can only use the terms contained in INA's policy to determine if it is other valid and collectible insurance for the damages in the instant case; and, under the terms of INA's policy, it is not. If one starts with INA's policy and attempts to determine if Continental's policy is other valid and collectible insurance, one must consider the terms of Continental's policy, and can only reach the conclusion that under the terms of Continental's policy, it is not other valid and collectible insurance for this same damage. Thus, to determine which company is to be held liable depends upon which policy is read first.

In all the critical study and analysis we have given our prior decisions on this vexed subject, this is the basic rationale. We are compelled again to apply this rationale to the instant case, and to reiterate that we are not content to leave the insurance law of Tennessee in any such fractured morass as this prevalent underwriting practice must inevitably concoct.

Defendant argues, however, that the two "other insurance" clauses are not mutually repugnant, but that complainant's policy provides primary coverage. The reasoning is as follows:

The Insurance Company of North America policy covering Volunteer Construction Company provides that if the insured has other insurance, the company will only be liable for a pro rata amount of the loss. However, the policy goes on to say that, with respect to non-owned or

hired automobiles it shall only be liable for the excess of the loss over and above other insurance.

The Continental policy covering R. A. Keenan Construction Company contains an identical provision; that is, "the insurance under this policy with respect to loss arising out of the maintenance or use of any hired automobile insured on a cost of hire basis or the use of any non-owned automobile shall be excess insurance over any other valid and collectible insurance."

It is further argued that the "excess only" provisions apply only to situations where a non-owned automobile is involved, and that both policies evidence an intention not to be held primarily liable for loss arising from the operation of non-owned vehicles. Also, that both policies do evidence an intention to be primarily liable for loss arising from the operation of owned or scheduled vehicles under the respective policy.

It is conceded that such an argument may be made in the present situation; however, we have concluded that, in situations where liability insurance policies are thus by their terms brought into contention, to attempt to resolve the problem by labeling one policy "primary" and the other "secondary", in some inconsistent or arbitrary manner, is apt to produce even more dubiety of obligation than now exists.

The present case presents a situation where each of the construction companies involved has its own coverage on its own vehicles. In addition, in each case, the policies provide for coverage in case of use by them or their employees of non-owned vehicles.

As has been noted, both policies attempt to provide "excess only" coverage as to non-owned vehicles. Neither policy, however, by its specific terms, offers full and unconditional primary coverage to the insured for loss arising from the operation of owned vehicles. On the contrary, liability is attempted to be restricted where "other insurance" is available. We are not at liberty to dictate that one policy provides primary coverage to the exclusion of the other, for to do so would be to add nonexistent terms to the policies to the detriment of the insured.

To point out the incongruous results attendant upon underwriting practices on which we have spoken—it is pertinent to note that the basic liability here to the damaged persons is that of Volunteer Construction Company, the insured of Insurance Company of North America; not that of Keenan Construction Company, the insured of Continental.

An effort to test the reality of contractual intent, including the reasonable expectations of the assured in these cases, inexorably leads to that same detestable circuity of reasoning and dubiety of obligation upon which we have written before, and to which these underwriting practices so much contribute.

It seems to us that the most reasonable result to be reached, consistent with established rules of construction, is proration between the two insurance companies in proportion to the amount of insurance provided by their respective policies.

The judgment of the trial court must be reversed, and the cause remanded for further proceedings not incon-

sistent with this opinion. Costs of this appeal are assessed against Insurance Company of North America.

DYER, CHIEF JUSTICE, MCCANLESS, JUSTICE, and JENKINS and SMITH, SPECIAL JUSTICES, concur.

### ON PETITION TO REHEAR

MR. JUSTICE CRESON.

In this case a petition to rehear has been filed which is primarily directed to the "great impact" this decision may have upon the insurance industry in this State. This Court has spent a very considerable degree of time and effort upon this line of decisions. This has been done by virtue of the very fact that, while we lay no claim to infallibility for our reason or result in any case, all must be assured that we live with painful consciousness of the impact of our decisions.

We have again reviewed the instant case, and others in this field, and rest content with our original opinion.

The petition to rehear is therefore denied.

DYER, CHIEF JUSTICE, MCCANLESS, JUSTICE, and JENKINS and SMITH, SPECIAL JUSTICES, concur.