QUEEN INSURANCE COMPANY OF AMERICA,
Plaintiff in Error,

*v.*

INSURANCE COMPANY OF NORTH AMERICA,
Defendant in Error.

455 S.W.2d 149.

(*Jackson,* April Term, 1970.)

Opinion filed May 18, 1970.

LEO BEARMAN, JR., and J. HEISKELL WEATHERFORD, III, Memphis, for plaintiff in error.

THOMAS F. JOHNSTON, Memphis, for defendant in error; ARMSTRONG, ALLEN, BRADEN, GOODMAN, MCBRIDE & PREWITT, Memphis, of counsel.

MR. JUSTICE CRESON delivered the opinion of the Court.

This appeal in error comes from the Circuit Court of Shelby County, Tennessee. The cause was heard in that court on the pleadings and stipulation of facts. Judgment was entered against plaintiff, Queen Insurance Company of America and in favor of defendant, Insurance Company of North America.

In the course of this opinion, the parties will be referred to as they appeared in the trial court; that is, plaintiff in error, Queen Insurance Company of America, as plaintiff, and defendant in error, Insurance Company of North America, as defendant.

On January 15, 1968, plaintiff filed its declaration in the Circuit Court of Shelby County, seeking full reim-

bursement for amounts paid in compromise and settlement of the tort claim of Erwin M. Henry. In the alternative, plaintiff avers that it is entitled to contribution from defendant in proportion to the amount of insurance provided by the respective insurance policies, but, in no event, less than one-half of the amount expended by plaintiff.

On November 10, 1965, there existed between plaintiff and Ely & Walker, Inc. of Canton, Mississippi, a comprehensive general liability policy, whereby plaintiff insured Ely & Walker, Inc. against liability arising out of accidents occurring on that firm's premises.

On November 10, 1965, there existed between defendant and Gordons Transports, Inc., a comprehensive automobile liability policy, under which defendant insured Gordons Transports, Inc. and those "using" a vehicle of Gordons, with Gordons' permission, against liability resulting from accidents involving the use of vehicles owned by Gordons.

On November 10, 1965, employees of Ely & Walker, Inc. were loading boxes for shipment onto a trailer truck belonging to Gordons Transports. The driver of the Gordon's truck, Erwin M. Henry, was struck by a falling box and injured on the premises of Ely & Walker, Inc., due to the alleged negligence of an employee of Ely & Walker, Inc.

As a result of this injury, Erwin M. Henry filed an action in the Federal Court for the Western District of Tennessee, alleging acts of negligence on the part of Ely & Walker, Inc., and its employees.

On September 27, 1967, this action was compromised and settled by plaintiff, on behalf of Ely & Walker, Inc.

The total sum expended by plaintiff in defending and settling the tort claim was $9,958.72.

In its declaration, in the instant case, plaintiff admits that its policy provided coverage against the negligence of employees of Ely & Walker, Inc., but insists that defendant's policy is "more specific" in its coverage and thus is "primary" coverage, while plaintiff's policy provides only secondary or "excess" coverage.

The theory upon which plaintiff alleges that defendant's policy provides primary coverage is (1) that the definition of insured in defendant's policy included any person using a vehicle owned by Gordons with Gordons' permission, (2) that "use" of a vehicle, by the terms of the policy, includes the loading and unloading thereof, and (3) that the employee of Ely & Walker, Inc. was loading the trailer with Gordons' permission and is, thus, an insured under defendant's policy.

On March 14, 1968, defendant filed special pleas, denying that defendant's insurance insured against injuries sustained by Erwin M. Henry, but alleged that its policy specifically excluded coverage by the following "employee exclusion" clauses:

"This policy does not apply:

A. to any obligation for which the insured or any carrier as his insurer may be held liable under any workmen's compensation, unemployment compensation or disability benefits law, or under any similar law;

B. to bodily injury or death of any employee of the insured, if such injury or death arise out of or occur in the course of employment of such employee; * * *"

The essence of these two clauses, according to defendant, is that this insurance policy expressly excludes (1) coverage of any obligation for which Gordon's Transports is liable for workmen's compensation, and (2) for bodily injury of any employee of Gordon's Transports.

It was stipulated that Erwin M. Henry's injury arose out of and in the course of his employment with Gordons Transports, Inc.; and that Gordons paid workmen's compensation benefits to him because of such injury.

On August 1, 1969, the trial judge entered judgment for defendant and dismissed plaintiff's action. Plaintiff prayed and perfected an appeal in error to this Court.

It is insisted that the trial judge erred for the following reasons:

"1. That he failed to find that Ely and Walker and its employees, who were engaged in loading Gordons truck, were insured under the INA-Gordons Automobile Liability Policy.

2. That he failed to find that the 'employee exclusion' in the INA policy did not exclude Ely & Walker and its employees from the coverage to which they are otherwise entitled.

3. That he failed to find that the 'severability of interests' provision in the INA policy limited the effect of the INA employee exclusions so as to exclude from coverage only claims of Gordons' employees against Gordons but not to exclude coverage concerning claims of Gordons employees against Ely & Walker and Ely & Walker employees, who are additional insureds under the INA policy.

4. That he failed to find that INA was the sole liability insuror of Ely & Walker employees, and was, therefore, fully responsible to plaintiff for damages and expenses incurred in the defense and settlement of the Henry case.''

Plaintiff argues, in support of one or more of the above assignments, that the clause purporting to exclude coverage for ''any obligation for which the insured or any carrier as his insurer may be held liable under any workmen's compensation,'' or ''bodily injury or death of any employee of the insured,'' is not applicable to the situation here since the unqualified phrase ''the insured'' includes, not only the named (Gordons Transports, Inc.), but also Ely & Walker's employee as an additional insured. The argument continues to the effect that the injured person (Henry) is not an employee of the additional insured; that Henry was not suing the named insured but an additional insured who was not his employer. This argument concludes that the instant situation does not fall within the purpose of the exclusion clause heretofore quoted. This argument is specious, indeed.

It must be constantly borne in mind that any liability here of Insurance Company of North America to the plaintiff must be found to be fixed by the terms and provisions of Insurance Company of North America's own policy. This Court has pointed this out heretofore.

To apply the contention of plaintiff, Queen Insurance Company, to the present case would work a preposterous result—one which we simply cannot believe the contracting parties ever could be said to have intended. Here, the named insured (Gordons Transports) became liable

for Workmen's Compensation benefits to its employee, Erwin Henry; and satisfied that obligation. Under the Tennessee Workmen's Compensation Law Gordons became entitled to share in any money recovered from the negligent third party tort-feasor, Ely & Walker, and its employee. Likewise, under the Tennessee law there existed no other liability of Gordons Transports to Henry.

On the contrary, plaintiff's argument embodies the idea that Gordons' insurer, defendant here, owes 30 of 31 parts of the tort liability; while Ely & Walker's insurance owes either nothing, or only 1 of the 31 parts. Plaintiff's argument also ignores the fact that its policy construction takes no account of the notion that Gordons, or its insurer, would be entitled to reimbursement from the tort recovery for the compensation benefits paid by it. This is the utterly incongruous result of plaintiff's reasoning. Quite recently, this Court has taken considerable pains to enunciate the legal effect of incongruous results upon the rules which prevail as to construction and application of insurance contracts. See *Continental Insurance Company v. Insurance Company of North America*, 223 Tenn. 306, 454 S.W.2d 709 (April 20, 1970.)

Plaintiff argues that the "severability of interest" clause in defendant's policy fortifies its position that Ely & Walker's employee is an additional insured under that policy. That clause provides: "The word 'insured' is used severally and not collectively * * *" It is insisted that this clause must be construed to treat the named insured and an omnibus or additional insured independently from each other; thus, when a claim is asserted against an additional insured, the fact that the injured person is an employee of the name insured is irrelevant and is to be given no effect.

The clause referred to actually has no purpose whatever other than to assure that each party who may be brought within the coverage terms of the policy is entitled to full protective benefit, not simply a share of aliquot part of a total maximum sum. Certainly, any such construction as that insisted upon by plaintiff here would strain the timbers of construction beyond the breaking point.

Authorities from other jurisdictions are cited and relied upon by plaintiff with considerable emphasis. On critical examination we find them all permeated with one of two significant frailties. They are, uniformly, either superficial in reasoning, or simply downright in error as to result.

In these cases it is always pertinent to note, in determining intention of the parties, where the basic liability for the insured event rests. Here the tort-feasor liability to Erwin Henry, the injured person, is exclusively that of Queen Insurance Company of America as insurer of Ely & Walker, Inc.; not that of Gordons Transports or its insurer, the defendant here. It is also pertinent to note that plaintiff's construction of this insurance would require defendant to pay that from which it is exonerated, both by statute and clear contractual limitatation.

It follows that the assignments of error are overruled; and the judgment of the trial court affirmed in all respects. Costs of the cause shall be assessed against Queen Insurance Company of America.

DYER, CHIEF JUSTICE, McCANLESS, JUSTICE, and JENKINS and SMITH, SPECIAL JUSTICES, concur.