**STATE FARM MUTUAL INSURANCE CO.,**
Appellant,

v.

**Robert TAYLOR and Terry Elliott, for the Use and Benefit of Parliament Insurance Co., Appellees.**

Supreme Court of Tennessee.

June 3, 1974.

---

Charles A. Sevier, Memphis, for appellant.

Max D. Lucas, Jr., Memphis, for appellees.

OPINION

FONES, Justice.

Pursuant to T.C.A. § 16–408, appellant State Farm Mutual Insurance Co. perfect-

ed a direct appeal to this Court from the judgment of the Circuit Court of Shelby County, that because of the irreconcilable mutual repugnancy of two automobile insurance policies providing collision coverage for a single loss, the policy provisions would be disregarded and the loss prorated between the two insurers.

The facts were stipulated and the policies made exhibits to the stipulation. An automobile owned by Robert Taylor and insured by Parliament Insurance Company was damaged while being operated by Terry Elliott, the named insured in a State Farm Mutual Insurance Company policy; that the reasonable cost of repairing said collision damage was $1,543.50; that at the time of the loss, $100.00 deductible coverage was in full force and effect in each of said policies; that Parliament paid the amount of the collision loss, less the deductible.

Parliament brought suit against State Farm to recover one-half of the loss paid. The learned trial judge awarded recovery for $721.75, holding that said policies have conflicting and mutually repugnant clauses applicable to the loss. The learned trial judge relied upon Continental Insurance Company v. Insurance Company of North America, 224 Tenn. 306, 454 S.W.2d 709 (1970) in holding that the loss should be prorated between the two companies.

Elliott was driving the vehicle insured by Parliament with the permission of the owner and named insured, Taylor. The collision coverage in the Parliament policy applied in those circumstances and the "other insurance" provision provides, inter alia, that " . . . the company shall not be liable . . . for a greater proportion of such loss than the applicable limit of liability of this policy bears to the total applicable limit of liability of all valid and collectible insurance against such loss."

Elliott's policy with State Farm provided him with collision coverage when driving a non-owned automobile with the permission of the owner of the automobile. However, under the other insurance provision of the State Farm policy, only excess coverage was provided Elliott when driving a non-owned automobile having other collectible insurance thereon. Said provision appears in Paragraph 9, under "Policy Conditions". Sub-paragraph (b) thereof is a "no liability" clause with respect to a non-owned automobile, a temporary substitute automobile or a trailer owned by any person or organization engaged in the automobile business. Sub-paragraph (c) of the "Other Insurance" provisions of State Farm's policy reads as follows:

"Subject to the foregoing paragraph (b), the insurance with respect to any other *temporary substitute automobile, trailer* or *non-owned automobile* shall be excess over other collectible insurance."

We agree that Continental v. INA, supra, must control the disposition of this case. The general insuring provisions of both policies clearly cover the loss sustained. Upon turning to the "other insurance" provisions of the policies under consideration, we are met with the circuity of reasoning and dubiety of obligation discussed in detail by Mr. Justice Creson in *Continental* and in the earlier case of United Services Automobile Association v. Hartford Accident and Indemnity Company. 220 Tenn. 120, 414 S.W.2d 836 (1967). Thus, when the two policies are considered together, the conclusion is inescapable that the other insurance clauses are repugnant.

The result is that said clauses are disregarded. Both policies provided coverage in their respective general insurance provisions and the loss must be prorated.

The judgment of the lower court is affirmed. Costs are adjudged against appellant.

DYER, C. J., CHATTIN and McCANLESS, JJ., and LEECH, Special Justice, concur.