CONTINENTAL INSURANCE COMPANY, Appellant-Defendant,

v.

EXCEL INSURANCE COMPANY, Appellee-Plaintiff.

Supreme Court of Tennessee.

Oct. 12, 1976.

William N. Groover, Knoxville, for appellant-defendant.

Louis C. Woolf, Knoxville, for appellee-plaintiff.

OPINION

HARBISON, Justice.

This is an action in which proration of alleged overlapping insurance coverage was sought by appellee Excel Insurance Compa-

ny. The trial court allowed recovery, and this appeal ensued.

The facts of the case were stipulated in the trial court, and no testimony was offered by either party, other than that contained in the stipulation and in the exhibits thereto.

According to the documents in the record, Herndon Motor Lines and/or Crandel B. Herndon operated as a common carrier in interstate commerce. That company held by a permanent, or long-term, lease a certain tractor which was "trip-leased" on June 8, 1973 to Central and Southern Truck Lines, Inc., also a certificated interstate motor carrier.

This trip lease provided:

"Lessee shall have dominion, and supervision, and control over the above-described equipment (except that lessee reserves the rights to sub-lease said equipment) during the term of this lease, and shall insure the leased vehicle for public liability and property damage."

The trip lease shows the point of origin as Montgomery, Illinois, and the destination as Greensboro, North Carolina. The vehicle identified in the trip lease, according to the stipulation of the parties, "broke down en route and was replaced by Herndon Motor Lines with another truck and driver to carry out the terms of the lease agreement."

It was further stipulated that on June 11, 1973 the substitute leased vehicle was involved in an accident with a third party, resulting in third-party injuries and claims. The stipulation states that the accident occurred on Highway 25–70 in Knoxville, Tennessee, and the Court assumes that the site of the accident was on an authorized route within the operating authority of the lessee carrier.

It was stipulated that Excel Insurance Company had issued a general liability automobile policy providing coverage to the lessee, Central and Southern Truck Lines, Inc. as the named insured. Under the terms of the policy omnibus coverage was extended to the driver, according to the stipulation.

It was further stipulated that The Continental Insurance Company had issued a policy of liability insurance covering the lessor and that its terms also extended coverage to the driver at the time and under the circumstances of the accident.

A settlement made by Excel of the third-party claim was stipulated to be reasonable, and this action was brought on behalf of that carrier to recover all or a part of the loss from Continental, the carrier of the lessor.

The policies in question and all pertinent endorsements were issued prior to May 7, 1973. Otherwise the case would be controlled by the terms and provisions of T.C.A. § 56–1164(c) which expressly makes the coverage of the lessee primary and that of the lessor excess with respect to a motor vehicle operated under a written lease agreement, where the lessee contracts to provide liability coverage. Clearly, if the statute were applicable to the stipulated facts, the carrier of the lessee would be primarily liable for the amount of the loss, up to its policy limits, and it would not be entitled to pro rata contribution by the carrier of the lessor.

Since the statute is inapplicable to the present case, however, the trial court deemed the issues to be controlled by a number of Tennessee cases arising before the effective date of the statute. In these cases this Court had held that where there were conflicting or repugnant insurance clauses in two or more policies covering the same risk, the repugnant clauses would be deemed ineffective, and the insurance carriers would be required to prorate the loss according to their respective limits. See *State Farm Mutual Ins. Co. v. Taylor,* 511 S.W.2d 464 (Tenn.1974); *Continental Ins. Co. v. Insurance Company of North America,* 224 Tenn. 306, 464 S.W.2d 709 (1970); *United Services Automobile Association v. Hartford Accident & Indemnity Co.,* 220 Tenn. 120, 414 S.W.2d 836 (1967). These decisions were based upon the terms of the policies themselves, and not the provisions

of any lease agreement between the insured parties. See *Transamerica Insurance Co. v. Parrott*, 531 S.W.2d 306, 314 (Tenn.App. 1975).

We have examined with care the provisions of the two insurance policies exhibited to the stipulation in the present case, however, and we do not find that they are repugnant or in conflict. For that reason, we are of the opinion that the pre-1973 cases are not applicable, and that the appellant is not entitled to the proration which it claims.

We have already pointed out that each of the policies in question was issued to motor carriers engaged in the transportation of property. The policy issued by Excel Insurance Company provided coverage commencing July 1, 1972, and under the provisions of the original policy, the leased vehicle in the present case would fall within the definition of a "hired automobile". The policy expressly provided that with respect to a hired automobile or a non-owned automobile, the insurance would be excess over any other valid and collectible insurance available to the insured.

Endorsement No. 2 was issued to this policy, however, entitled "Truckmen—Form B". This endorsement modifies the provisions of the basic policy, and it substantially alters the original "excess" provisions. It states:

"(f) With respect to any automobile while leased or loaned to any person or organization, other than the named insured, engaged in the business of transporting property by automobile for others, insurance under this endorsement shall be excess insurance over any other valid and collectible insurance available to the insured. *Otherwise the insurance under this endorsement is primary insurance.*" (Emphasis added).

It is apparent that by this endorsement the Excel policy provided primary insurance to all vehicles owned or operated by Southern and Central Truck Lines, Inc., other than those which it leased or rented out to other carriers. As to the latter, the coverage was excess only.

The policy issued by Continental to the lessor contained an identical provision, to the effect that it provided primary insurance, except to any vehicle leased or loaned to another person or organization "engaged in the business of transporting property by automobile for others." As to the latter, the Continental policy was expressly to be excess insurance.

Each policy contemplated that its insured would lease vehicles to other carriers. Both policies were on a monthly reporting basis, and under each policy the insured carrier was to pay to the company a premium based upon gross receipts. Endorsements to each policy, however, provided that with respect to equipment leased to other carriers, only fifteen percent of the total amount received for rental of equipment would be used as the basis for computing the premiums. This provision was carried in Endorsement No. 3 to the Excel policy and in a truckmen's endorsement to the Continental policy dated February 8, 1973.

Accordingly, we are of the opinion that the leased vehicle in the present case was afforded primary insurance by the Excel policy and that the insurance afforded by the Continental policy was excess only. Although both policies admittedly extended omnibus coverage to the driver, we do not find in the basic insuring and premium provisions of the policies that repugnancy or contradiction found by the courts to exist in the cases cited above.

The judgment of the trial court is reversed and the suit is dismissed at the cost of appellee.

COOPER, C. J., and FONES, HENRY, and BROCK, JJ., concur.